[L. A. No. 10962.—March 31, 1932.]

JOSEPH SCOTT et al., as Receivers, etc., Appellants, v. W. I. HOLLINGSWORTH, Respondent.

Anderson & Anderson and A. G. Ritter for Appellants.

J. Wiseman MacDonald for Respondent.

Oscar Lawler and Laurence W. Beilenson, *Amici Curiae* for Respondent.

PRESTON, J. — Plaintiffs, as receivers of the Julian Petroleum Corporation, a Delaware corporation, on August 8, 1927, instituted this action at law in four counts against the defendant, W. I. Hollingsworth, to collect treble damages for usurious interest paid to him as follows: $19,000 on December 11, 1926; $19,000 on January 11, 1927; $19,000 on February 19, 1927, and $19,000 on April 5, 1927. The total amount so paid was $76,000, which, when trebled, aggregates the sum of $228,000. Said sums were paid on an existing promissory note, having a principal sum of $100,000 then due and payable, in consideration of which, in each instance, the period of forbearance was extended one month.

The complaint was amended from time to time, the third and last amended complaint being filed on May 21, 1928. It contained general allegations upon which authority to sue was based and alleged in substance the above-mentioned facts. The defendant attacked it by general and special demurrer, which the court sustained with leave to amend. This privilege was not exercised and judgment passed for defendant from which plaintiffs prosecute this appeal.

The statute (Usury Law, Stats. 1919, p. lxxxiii, sec. 3), specifically authorizes an action at law of the type here even though the principal debt be unpaid. The right, however, carries the privilege in the defendant to plead off-sets and counterclaims thereto, and in this case the right

to plead the principal debt as an offset. (*Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805].)

■ This whole controversy turns upon the power of the receivers to sue in this action. It is true that the causes of action counted upon partake both of the nature of penalties and of debts. They are penalties because meant to punish and deter the usurer. They are debts in that they may be treated as such with respect to set-offs and counterclaims and actions in equity between the parties respecting the transaction. (*Haines* v. *Commercial Mortgage Co.*, *supra; Esposti* v. *Rivers Bros.*, 207 Cal. 570 [279 Pac. 423].)

The plaintiffs, as receivers, derived their power to prosecute the action from a series of orders made under the following conditions: On May 19, 1927, in the District Court of the United States, Southern District of California, Southern Division, the Perkins Oil Well Cementing Company, a California corporation, filed a general creditors' bill against the Julian Petroleum Corporation, a Delaware corporation, and the California-Eastern Oil Company, a Delaware corporation, alleging sufficient grounds for the appointment of a general receiver to conserve the assets and carry on the business of the two corporations. And to that end the court, with the consent of defendants, on said May 19, 1927, made an order in said action appointing plaintiffs as such general receivers and defining their powers. This order was supplemented by a second order under date of July 1, 1927, which latter order, so far as here material, reads as follows:

"It is hereby ordered that the said receivers . . . be and they hereby are authorized, empowered and directed, whenever it shall be deemed by them advisable or necessary or proper so to do, to institute in the proper courts of the state of California any and all suits necessary to carry out their powers and duties as receivers and necessary to subject and reduce to their possession any properties, real, personal or mixed, of the Julian Petroleum Corporation or the California-Eastern Oil Company; and the commencement of any such suits by the receivers, as such receivers, already commenced by them, is hereby ratified and approved."

Thereafter and on the twelfth day of March, 1928, the court made a third order, purporting to be a *nunc pro tunc*

order amending the original order appointing receivers of the Julian Petroleum Corporation. Said order recited that "it was the purpose and intent of said order of May 19th, 1927 . . . appointing the said receivers . . . to confer upon them power and authority to take full charge and control of all matters and affairs of said Julian Petroleum Corporation, and to confer upon them full power and authority to maintain all actions of every kind and character for the recovery by said receivers, on behalf of said corporation, of each and all and every debt or penalty or other claim of any kind or character existing on behalf of said corporation at the time of the making of said order or thereafter accruing . . . " and said order further provided authority for the enforcing of any debt or penalty arising out of or due to said corporation by reason of the provisions of the said Usury Law of this state.

The language of said section 3 of the Usury Law here involved is as follows: "Every person . . . or corporation, who for any loan or forbearance of money, goods or things in action shall have paid or delivered any greater sum or value than is allowed to be received under the preceding sections, one and two, may either *in person or his or its personal representative*, recover in an action at law against the person . . . or corporation who shall have taken or received the same, or his or its personal representative, treble the amount of the money so paid or value delivered in violation of said sections, providing such action shall be brought within one year after such payment or delivery."

The question presented for our consideration, therefore, is whether or not plaintiffs are "personal representatives" of the corporation within the meaning of the said statute. We approach this discussion with the known fact that the federal court itself has declared its orders to have the effect of creating the plaintiffs such representatives. Even the *nunc pro tunc* order seems to be effective and binding upon the state court when attacked only collaterally as here. Every court has the inherent right to correct its orders and minutes to speak the truth.

Again, the nature of the receivership is not controlled by California law but is controlled by federal equity practice itself. In speaking of the power of the federal courts over corporations Mr. Clark, on Receivers, volume 2, page 1030,

section 702, states the rule as follows: "The jurisdiction of the federal courts is determined by the Constitution of the United States and the laws of Congress and the constitutions and legislatures of the several states cannot add to or take away from such jurisdiction belonging to the federal courts. In other words, the remedies afforded and the modes of proceeding pursued in the federal courts sitting as courts of equity, are not determined by local laws or rules of decision, but by the general principles, rules and usages of equity having uniform operation in these courts wherever sitting." (See *Guffey* v. *Smith*, 237 U. S. 101 [59 L. Ed. 856, 35 Sup. Ct. Rep. 526]; *Mississippi Mills* v. *Cohn*, 150 U. S. 202 [37 L. Ed. 1052, 14 Sup. Ct. Rep. 75]; *Burnrite Coal, etc.*, v. *Riggs*, 274 U. S. 208 [71 L. Ed. 1002, 47 Sup. Ct. Rep. 578].)

In our state the power to appoint a receiver of a corporation at the instance of a private litigant has been repeatedly denied. (*Elliott* v. *Superior Court*, 168 Cal. 727, 730 [145 Pac. 101].) We, therefore, need not look to the California court holdings for aid here.

The power of a receiver in the federal court has been stated to be as follows: "The appointment of a receiver of a debtor's property by a federal court confers upon it, regardless of citizenship and of the amount in controversy, federal jurisdiction to decide all questions incident to the preservation, collection and distribution of the assets. It may do this either in the original suit, *Rouse* v. *Letcher*, 156 U. S. 47, 49, 50 [39 L. Ed. 341, 15 Sup. Ct. Rep. 266], or by ancillary proceedings, *White* v. *Ewing*, 159 U. S. 36 [40 L. Ed. 67, 15 Sup. Ct. Rep. 1018]. And it may, despite section 265 of the Judicial Code, issue under section 262 or otherwise, all writs necessary to protect from interference all property in its possession." (*Riehle* v. *Margolies*, 279 U. S. 218, 223 [73 L. Ed. 669, 49 Sup. Ct. Rep. 310, 312].)

It is true that in *Esposti* v. *Rivers Bros., supra*, this court held that a cause of action for the penalties provided by the Usury Law was not assignable. In *Peterson* v. *Ball*, 211 Cal. 461 [74 A. L. R. 187, 296 Pac. 291], this court followed the Esposti case and held that a cause of action or claim arising out of section 309 of the Civil Code (imposing liability against directors who have suffered debts to be created in excess of the subscribed capital stock of a cor-

poration), is not assignable because the liability, although remedial so far as the creditor is concerned, is highly punitive as to the directors. There, however, there was an assignment. These cases, therefore, are not controlling in the matter before us for here there is no attempt to assign the cause of action.

It seems clear that if plaintiffs may not bring this action, the corporation itself could not do so; hence the wrong would be without redress unless plaintiffs had authority to institute and maintain the action. It is alleged that the federal court proceeding is still pending and that the office and duties of the receivership still obtain. We are impressed by the reasoning of the case of *Barbour* v. *National Exchange Bank,* 45 Ohio St. 133 [12 N. E. 5, 6], where a receiver was appointed to carry on the business of an insolvent corporation, and undertook to prosecute an action on behalf of the corporation, pursuant to section 5198 of the Revised Statutes of the United States, to recover back usurious interest which had been paid by it. Said statute provided: "The taking . . . or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, *or his legal representatives,* may recover back, in an action in the nature of an action of debt, twice the amount of interest thus paid, from the association taking or receiving the same . . . "

Counsel for defendant maintained that the receiver was not the "legal representative" of the insolvent corporation and that usury was a personal matter that could be set up or claimed only by the person himself who had seen fit or chosen to pay it. The court said: "The principles involved in these two propositions are settled by *National Bank* v. *Trimble,* 40 Ohio St. 629, where it is held: 'If the payor of such interest, before action brought, was adjudged a bankrupt, his assignee in bankruptcy became his "legal representative", and as such was entitled to bring the action.' The court was construing the section involved in this case. We are content with the disposition there made, and are of

opinion that the principle of that case reaches the case of an action by a receiver.''

This discussion covers the principal question discussed by both parties and we deem unimportant the discussion of any other questions.

The judgment is reversed with directions to overrule the said demurrer.

Curtis, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.