[Civ. No. 8838. Second Appellate District, Division One. — April 2, 1935.]

GLEN BEHYMER, Respondent, v. G. CAVAGLIERI MORTGAGE CO. (a Corporation), Appellant.

Julius V. Patrosso for Appellant.

Andrew J. Copp, Jr., for Respondent.

EDMONDS, J., *pro tem.*—Plaintiff sued for treble interest alleged to have been paid in violation of the usury law, and recovered judgment. The defendant has appealed on the judgment roll alone, asserting that the amended complaint does not state a cause of action, and that the findings of fact, which follow the allegations of the amended complaint, are insufficient to support the judgment. The entire dispute concerns the right of the plaintiff to maintain the action. The following facts alleged in the complaint and found by the trial court to be true are not denied by appellant.

In 1925 the defendant agreed to loan the Edwin R. Rockwell Company $105,000 as a building loan, to be advanced as a certain building was erected. This agreement was made June 17, 1925, and with the intention of violating the Usury Act, the defendant required that the loan be repaid

six months thereafter, together with the sum of $5,000 as a bonus. For the purpose of disguising the transaction, a promissory note for $110,000 and a deed of trust securing it were made payable to Malcolm Smith, and indorsed and transferred by him to appellant. Smith paid no consideration therefor, and was at no time a *bona fide* owner or holder. The Rockwell company became involved in financial difficulties in connection with the construction of the building for which the loan was secured, and owed over $42,000 for material purchased and labor performed, and mechanics' liens were filed to secure these claims. A second deed of trust securing a number of notes aggregating $50,-000 was also outstanding. Some of these notes were in the hands of the lien claimants. In April, 1926, the Rockwell company entered into a contract with Malcolm Smith and Malcolm Smith Company, a corporation (the latter as the holder of the second trust deed on the property), and the lien claimants by which it agreed to convey the property to respondent as trustee. This contract provided that the second trust deed and all of the mechanics' liens were to be released of record, and that the property should be held for the benefit of the Rockwell company and the mechanic's lien claimants in accordance with the terms of a declaration of trust to be executed by the plaintiff.

This declaration of trust, which was afterward executed, provides that the plaintiff paid no consideration for the conveyance and holds title to the property for the benefit of the lien claimants and the Rockwell company, subject to the liens of the unpaid taxes, street assessments and the deed of trust for $110,000. The trustee by the instrument agrees to distribute the balance of the money due from the defendant (all of the amount agreed to be loaned by it not having been paid at the time the contract and declaration of trust were executed) among the beneficiaries or, if so directed by the advisory committee designated in the instrument, to use it for the benefit of the property. The trustee is also authorized to operate the property and to divide any net income from it among the lien claimants "in proportion to the amount of their respective claims . . . such payments, however, not to be in reduction in the amount of such claims, but to be a profit to be enjoyed by the said beneficiaries (other than the said Edwin R. Rockwell Co.) as

one of the considerations moving to said beneficiaries in exchange for the assistance heretofore accorded by them to the Edwin R. Rockwell Company in connection with the release of their respective mechanic's liens or other claims heretofore held by them against or in connection with the trust property.''

The trustee is further authorized to sell the property and to pay the expenses of the sale; the fees of the trustee and ''liens or encumbrances against said property unless said property be sold subject to such liens or encumbrances''. He is directed to pay the lien claimants from the net proceeds of any sale the amounts of their respective claims in full, if sufficient is realized for that purpose, otherwise to ratably apply the money to the claims. Any balance remaining after payment of the lien claims in full is to be paid to the Rockwell company. The instrument also provides that if at any time the Rockwell company shall pay the beneficiaries of the trust the amount of their claims in full, together with all expenses of the trust, then the trustee shall convey the property to the Rockwell company.

The trustee during the administration of the trust paid $22,746.18 interest to the defendant and brought this action to recover treble the amount. He contends that in making such payment he was the personal representative of the Rockwell company; that he was forced to make the payment in order to prevent the interest of the Rockwell company in the property from being foreclosed, and in order to protect its interest in the property. The defendant takes the position that respondent is either a trustee or an assignee for the benefit of creditors of the Rockwell company, or a grantee of the property which was conveyed subject to the deed of trust, and that in either of such positions he cannot recover.

The Usury Act provides: ''Every person, company, association or corporation, who for any loan or forbearance of money, goods or things in action shall have paid or delivered any greater sum or value than is allowed to be received under the preceding sections, one and two, may either in person or by his or its personal representative, recover in an action at law against the person, company, association or corporation who shall have taken or received the same, or his or its personal representative, treble the amount of the

money so paid or value delivered in violation of said sections, providing such action shall be brought within one year after such payment or delivery." (Deering's Gen. Laws, 1931 ed., Act 3757, sec. 3.)

The trial court found that the interest paid to the defendant by the plaintiff had been paid by him "as such trustee under and pursuant to said declaration of trust and agreement for the uses and benefit of said Edwin R. Rockwell Company, a corporation," and, further, that the defendant took the usurious interest from the plaintiff "as such trustee and personal representative". The facts as alleged in the complaint fully support these findings. The usual action by a receiver, trustee or personal representative to recover usurious interest is where the payment has been made by the borrower. In this case the plaintiff sued to recover usurious interest he was required to pay for the protection of the property he was administering for the benefit of the borrower. If plaintiff cannot recover, no one can, and there is a wrong for which there is no remedy.

In holding that a federal equity receiver may maintain an action to recover usurious interest paid, the Supreme Court held: "It is true that in *Esposti* v. *Rivers Bros.,* (207 Cal 570 [279 Pac. 423]), *supra,* this court held that a cause of action for the penalties provided by the Usury Law was not assignable. In *Peterson* v. *Ball,* 211 Cal. 461 [74 A. L. R. 187, 296 Pac. 291], this court followed the Esposti case and held that a cause of action or claim arising out of section 309 of the Civil Code (imposing liability against directors who have suffered debts to be created in excess of the subscribed capital stock of a corporation), is not assignable because the liability, although remedial so far as the creditor is concerned, is highly punitive as to the directors. There, however, there was an assignment. These cases, therefore, are not controlling in the matter before us for here there is no attempt to assign the cause of action." (*Scott* v. *Hollingsworth,* 215 Cal. 314, 318 [9 Pac. (2d) 836, 82 A. L. R. 995].) It may be noted that the case of *Peterson* v. *Ball, supra,* which is principally relied upon by the appellant, is authority on the capacity to maintain an action, only as to the effect of an assignment of the mere naked right to sue directors of a corporation for a statutory penalty, and has been so limited. (*Western Mortgage &*

*Guaranty Co.* v. *Gray*, 215 Cal. 191 [8 Pac. (2d) 1016, 80 A. L. R. 866].)

Plaintiff here is not suing on any assigned cause of action. The Usury Law (*supra*) clearly includes plaintiff among those entitled to prosecute an action to recover interest paid in violation of its terms.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1935.