[Civ. No. 12843. First Dist., Div. One. Sept. 19, 1945.]

M. H. TUCKER, Respondent, v. JOE FONTES, Appellant.

Waldo F. Postel for Appellant.

J. W. Jackson for Respondent.

KNIGHT, J.—After hearing evidence introduced in a proceeding supplemental to execution, the trial court granted plaintiff's motion for the appointment of a receiver; and from the order made in that behalf defendant has appealed.

The judgment in the action called for the payment of the sum of $3,168.75 and costs, found to be due on a promissory note. Execution issued and was returned wholly unsatisfied; whereupon plaintiff filed an affidavit setting forth the facts relating to the entry of the judgment, the issuance of the execution, the return thereof wholly unsatisfied, and averring on information and belief that defendant "has property in his possession and under his control not exempt from execution which he unjustly refuses to apply to the satisfaction of said judgment." Upon the filing of the affidavit the court issued an order requiring defendant to appear before the court at the time specified therein and answer concerning his property. Two days subsequent to the issuance of that order, plaintiff served and filed a notice of motion for the appoint-

ment of a receiver. Attached to the notice of the motion was a supporting affidavit similar in form to the one initiating the supplemental proceeding, and the motion was noticed to be heard at the same time fixed for the hearing of that proceeding. The defendant appeared in obedience to the order and was examined under oath by both parties; and at the conclusion of the hearing plaintiff presented the motion for the appointment of a receiver. After hearing argument on the motion, it was granted and a written order was signed and filed to that effect naming the receiver, fixing the amount of his bond and defining his duties.

In attacking the validity of the order, defendant contends that the form of affidavit filed by plaintiff was insufficient in that it did not specify the property defendant refused to apply to the satisfaction of the judgment, and that the affidavit was made on information and belief; that after hearing the supplemental proceeding no additional evidence was offered on the motion for the appointment of the receiver, and that no sufficient showing was made that such relief was necessary. We find no merit in any of the foregoing contentions.

■ The two pertinent sections of the Code of Civil Procedure relating to proceedings supplemental to execution are sections 714 and 715. The former section provides generally for the commencement of such proceedings after the execution has been returned unsatisfied in whole or in part, by the issuance of an order directing the judgment debtor to appear; and it is held that in such cases no affidavit is necessary to initiate the proceedings (*Collins* v. *Angell,* 72 Cal. 513 [14 P. 135].) ■ The next section, 715, authorizes the commencement of supplemental proceedings at any time after the issuance of an execution "upon proof, by affidavit of a party or otherwise, to the satisfaction of a judge or justice of the court, that any judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment. . . ." Defendant has not cited any authority holding that the affidavit so to be filed shall be in any particular form, or that it may not be made on information and belief; ■ and it is well settled that if after hearing the evidence introduced at the hearing of the supplemental proceeding the court concludes that the situation calls for the appointment of a receiver, it is authorized to make such appointment. In California Jurisprudence (vol. 22, p. 455) the rule is stated as follows: ". . . in supplementary proceedings if there is prop-

erty which cannot be reached by execution and which the judgment debtor refuses to apply to the satisfaction of the judgment, he may be compelled, upon examination, to deliver it in satisfaction of the judgment—that is, to a receiver appointed to dispose of it in aid of the execution . . . [citing, among other cases, *Pacific Bank* v. *Robinson*, 57 Cal. 520 [40 Am.Rep. 120], and *Habenicht* v. *Lissak*, 78 Cal. 351 (20 P. 874, 12 Am.St.Rep. 63, 5 L.R.A. 713)]." In the first cited case the court said (p. 522) : ". . . if there be property which cannot be reached by execution, and which the judgment debtor refuses to apply to the satisfaction of the judgment, he may be compelled, upon examination, in proceedings supplementary to execution, to deliver it in satisfaction of the judgment (§§ 714-721, Code Civ. Proc.) ; i. e., to a receiver appointed to dispose of it in aid of the execution. (§ 564, Code Civ. Proc.)" The decision in that case was subsequently expressly confirmed in *Habenicht* v. *Lissak, supra,* and both of those cases were afterwards approvingly referred to in *Bruton* v. *Tearle,* 7 Cal.2d 48 [59 P.2d 953, 106 A.L.R. 580]. It was there held that where a plaintiff is not attempting to bring an independent action in the nature of a creditor's bill, but is proceeding strictly in accordance with the statutory provisions for proceedings supplemental to execution, and it is shown that despite the plaintiff's efforts to obtain satisfaction of judgment, by execution or otherwise, the judgment is not satisfied, and that the debtor has assets which he unjustly refuses to apply to the satisfaction of the judgment, the appointment of a receiver is authorized under subdivision 4 of section 564 of the Code of Civil Procedure. That subdivision reads as follows: "A receiver may be appointed . . . 4. . . . in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment . . ."

In the present case, the material facts disclosed by the evidence at the hearing of the supplemental proceeding were these: The defendant was then and for some time prior thereto had been engaged in business in San Francisco selling machinery and parts and units thereof on consignment from various manufacturers, and among his available assets were certain unpaid accounts due him from customers with whom he had conducted sales transactions. One of the accounts called for the payment of a balance of $375, and another

a balance of $400, upon which he had obtained a judgment. Moreover, he was then receiving monthly payments of $80 on an allowed claim which he had filed in a proceeding in bankruptcy pending in Portland, Oregon. The total amount of the allowed claim was $3,214, and he had already received five monthly payments thereon. At the hearing defendant showed an unwillingness to turn over any of the future monthly payments or the accounts receivable in satisfaction of the judgment. Furthermore, defendant admitted that less than two years prior to the hearing of the supplemental proceeding he had filed a financial statement with the Dun & Bradstreet agency showing his net worth to be more than $36,000, which he stated included a joint tenancy interest held by him with his wife in an apartment house.

In view of the foregoing factual showing and under the law laid down in the cases above cited, it was entirely within the discretionary power of the trial court to appoint a receiver to take over any property, not exempt from execution, of which defendant was found to be the owner, and to collect all accounts receivable, and subject the same to the satisfaction of the judgment; and for such purpose to have access to all of the books and accounts pertaining to defendant's business.

It is true that ordinarily a judgment creditor is able to collect money found to be due the judgment debtor from third persons, by way of garnishment or levy of execution. But here the defendant claimed he had been unable to collect the accounts due him, and there was no legal procedure available to plaintiff to compel defendant to take legal action to enforce collection thereof. Consequently plaintiff was entitled to the appointment of a receiver to take such legal action. Moreover, it is evident that an execution issued by the courts of this state would be without legal efficacy in another state, and that, therefore, without the aid of a receiver plaintiff would be powerless to collect any part of the balance due on the allowed claim in the bankruptcy proceeding in the State of Oregon. Then again, there is the evidence showing that less than two years prior to the hearing of the supplemental proceeding defendant had filed a statement showing his net financial worth to be more than $36,000, which he stated included a joint tenancy interest in an apartment house, from which the trial court could reasonably infer that at the time of the hearing defendant was the owner of assets other than those

disclosed by him in his testimony, which could be made available to the satisfaction of the judgment through the efforts of a receiver.

The opinion rendered in the case of *McCutcheon* v. *Superior Court*, 134 Cal.App. 5 [24 P.2d 911], from which defendant quotes in support of his contention that the form of affidavit filed herein was insufficient, shows that the receiver was not appointed as the result of supplemental proceedings had pursuant to either section 714 or 715 of the Code of Civil Procedure. There, after the execution had been returned wholly unsatisfied, the plaintiff instituted a separate suit, termed a "creditor's bill," for the sole purpose of having a receiver appointed; and, as pointed out in the opinion, such suits are governed by rules of pleading and procedure different from those applicable to the appointment of receivers pursuant to proceedings supplemental to execution. And the court went on to hold as a matter of law that the complaint failed to state facts sufficient to constitute a cause of action, and that consequently the order based thereon for the appointment of a receiver was void. ■ However, in pointing out the distinction between the two remedies the opinion therein sets forth a clear statement of the law pertaining to the appointment of receivers in proceedings supplemental to execution, and such statement fully supports the action of the trial court in the present case. It is there said (pp. 8-9) : "And although the statutory provisions [relating to proceedings supplemental to execution] may contain no express authorization for the appointment of a receiver in aid of the purpose to be effected, as early as 1864, in the case of *Hathaway* v. *Brady*, 26 Cal. 581, 593, it was ruled by the Supreme Court of this state (syllabus) that 'in proceedings supplementary to execution, the court has power, when it has all the parties before it, to appoint a receiver'. That that principle has been recognized and established is attested by Professor Pomeroy in volume 1 of Pomeroy's Equitable Remedies, section 110, where it is said : 'Proceedings supplementary to execution being designed to be a substitute for the equity procedure by creditors' bill, receivers are appointed in such proceedings very much as a matter of course, where it appears that the judgment creditor (debtor) has, or probably has, property that ought to be subjected to the satisfaction of the judgment, after the return of the execution unsatisfied.' " ■ From the foregoing it will be seen that since

the evidence received in the present case pursuant to the supplemental proceeding was sufficient to authorize the appointment of a receiver, it was not essential to introduce any additional evidence in support of the motion therefor.

■ Defendant further contends that the order fails to meet the requirements of the law in that the duties of the receiver are not therein definitely defined, and that the general terms used in the order are too broad and not warranted by the evidence. It is apparent that in some respects the duties imposed on the receiver could have been stated with more exactness; but we find nothing in the points urged by defendant in this behalf which would justify a reversal. In substance, the order authorizes the receiver, subject to the order of the court, to take possession of defendant's property and the books of account and papers relating to his business affairs, and to collect the debts and moneys due the defendant; also to take an assignment of the allowed claim in bankruptcy and to collect the money to be paid thereon; and defendant is ordered to make such assignment to the receiver.

■ Defendant cites 33 Corpus Juris Secundum at pages 717-718 to the effect that rights, powers, and duties of a receiver appointed in a supplemental proceeding are limited to the purposes of such proceeding and those for which he was appointed; that they are not the same as those of general receivers, but are in great measure analogous to those of a receiver appointed in a creditor's suit; that they are limited to receiving and then paying out, or, more specifically, to demanding and suing for, under the order of the court, and taking into possession and applying in satisfaction of the judgment, money, property, and interests of the judgment debtor; and that they do not include active management of property or operation of a business of the judgment debtor, or the administration of his estate on the basis of his insolvency. In this connection defendant's chief contention seems to be that under the terms of the order herein the receiver is placed in the active management of all of defendant's property and the operation of his business. There is no direction to that effect in the order, and read as a whole it does not go that far. Reasonably construed, in the light of the evidence received at the hearing of the supplemental proceeding, the order simply authorizes the receiver to take possession of any property owned by the defendant, not exempt from execution,

776

for the purpose of having it lawfully applied to the satisfaction of the judgment, as provided in sections 568 and 568.5 of the Code of Civil Procedure; also to have access to all books and papers pertaining to defendant's business for the purpose of securing the information and data necessary to collect the moneys due defendant. But, as stated, the order does not in terms or by implication authorize the receiver to take over the management of defendant's business affairs. In the event that the receiver should act in excess of authority granted by the order as above construed, or the law governing the activities of receivers of this type, defendant may invoke ample protection by bringing the matter before the trial court in an appropriate proceeding.

As thus construed, the order is affirmed.

Peters, P. J., and Ward, J., concurred.