[Crim. No. 2993.   First Dist., Div. One.   Mar. 15, 1954.]

In re REED C. FERGUSON on Habeas Corpus.

Murle C. Shreck and E. R. Vaughn for Petitioner.

Alden Ames for Respondent.

BRAY, J.—Petition for writ of habeas corpus to secure release from custody under a commitment for contempt of court.

### QUESTIONS INVOLVED

1. Upon a hearing of a contempt charge can the defendant be compelled to testify? 2. Is the affidavit for the order to show cause sufficient concerning disobedience of the court's order? 3. Regularity of order appointing referee. 4. Effect of commitment on two counts, one being erroneous.

### RECORD

In an action in the Superior Court of Alameda County entitled "*M. Allen*, Plaintiff, v. *Mervin L. Gardner, et al.*, Defendants; *Mervin L. Gardner*, Cross-Plaintiff, v. *E. K. Ferguson, Jr., et al.*, Cross-Defendants." Mervin L. Gardner obtained judgment for $54,237.87 against certain cross-defendants, including E. K. Ferguson, Jr., Gordon A. Ferguson and petitioner, Reed C. Ferguson, as copartners doing business under the fictitious name and style of Ferguson Bros., a copartnership. Thereafter, in a supplementary proceeding, the individual interests of said partners in said partnership were charged with the payment of said judgment and one George Finster was appointed receiver of all assets and property of said partnership to satisfy the debts of said partnership and said judgment. Said defendants were ordered to deliver such assets and property to said receiver. Thereafter there was filed in said court "Affidavit of George Finster as

Receiver for Obtaining Order to Show Cause." An order to show cause was thereupon issued directing the three Fergusons to appear and show cause why they should not be punished for contempt for refusal to surrender to the receiver the property belonging to them individually and as copartners. At the hearing of the order to show cause petitioner was found guilty of contempt of court for (1) refusing to be sworn or testify, and (2) failing to comply with said order requiring the delivery of said property to the receiver. Petitioner was then committed to the Alameda County jail for five days "or until he shall be discharged pursuant to law" and also ordered to pay a fine of $250.

### 1. *Refusal to Testify.*

At the hearing of the order to show cause petitioner refused to be sworn or to testify. ▮ There can be no question but that he had the right to so refuse and that the court erred in finding him guilty of contempt in so doing. In *Ex parte Gould,* 99 Cal. 360 [33 P. 1112, 37 Am.St.Rep. 57, 21 L.R.A. 751], the petitioner was ordered to show cause why he should not be adjudged guilty of contempt in violating an injunction. Upon the hearing, he refused to be sworn or testify as a witness on the ground that he could not be compelled to be a witness against himself as the proceeding was of a criminal nature. The trial court committed him for contempt. The Supreme Court held that contempt of court is a criminal offense and that both article I, section 13 of the Constitution and section 1323 of the Penal Code provide that a defendant in a criminal action cannot be compelled to be a witness against himself; that the court could not compel the petitioner to be sworn or to testify and could not find him guilty of contempt for his refusal. To the same effect, *Hotaling* v. *Superior Court,* 191 Cal. 501 [217 P. 73, 29 A.L.R. 127] (contempt for violation of order directing cancellation of corporate stock); *Brophy* v. *Industrial Acc. Com.,* 46 Cal. App.2d 278 [115 P.2d 835] (contempt proceeding in Industrial Accident Commission for failing to obey commission's order to supply medical reports). ▮ Respondent contends that because petitioner filed a verified answer to the affidavit for the order to show cause denying its allegations he waived his right to refuse to testify. The answer has no such effect. It is merely a traverse of the pleading which brought him before the court, similar to the plea of not guilty in a criminal case. ▮ In a contempt proceeding "the affidavits of the

defendant constitute the answer or plea." (*In re Roth*, 3 Cal.App.2d 226, 229 [39 P.2d 490].)

2. *Sufficiency of the Affidavit.*

Petitioner contends the affidavit was insufficient to give the court jurisdiction to find him guilty of contempt of violating the court's order, the remaining charge. The affidavit sets forth that affiant is the receiver appointed in the order, identifying it; that pursuant to the authority vested in him he made demand upon the cross-defendant partners to deliver to him the property and equipment belonging to them; that the demand was refused; that prior to his appointment, supplementary proceedings were had and petitioner was examined under oath concerning the location of the property of the cross-defendants; that petitioner "gave testimony in regard thereto that was manifestly evasive, and he made pretense of ignorance of the facts concerning the property of cross-defendants, for the sole purpose of placing difficulties in the way of the collection of the judgment." On information and belief he stated "the fact to be that a large amount of equipment belonging to the cross-defendants, of very considerable value, is now located in or near the City of Red Bluff, California; that other pieces of equipment are located on Mare Island; the exact description and number of pieces of such equipment can only be ascertained from said cross-defendants"; that in view of the attitude of petitioner and cross-defendants' attorneys affiant believes that further supplementary proceedings for examination of cross-defendants "would be of no avail."

In *In re Carpenter*, 36 Cal.App.2d 274 [97 P.2d 476], the court said (p. 277): "It is elementary that on *habeas corpus* the court is limited to the single question of jurisdiction. Adjudication of questions of fact, the court having jurisdiction of the person and subject matter, cannot be reviewed." Thus our inquiry here is limited to the question of whether the affidavit was sufficient to give the trial court jurisdiction to hear the matter. (See *Groves* v. *Superior Court*, 62 Cal.App.2d 559 [145 P.2d 355]; *In re DuBois*, 120 Cal.App.2d 890 [262 P.2d 340].) Respondent concedes that petitioner had notice of the order appointing the receiver and expressly waived any claim that such fact had to be set forth in the affidavit, in view of the fact that prior to the contempt proceeding petitioner had unsuccessfully petitioned this court for a writ of prohibition to annul the order. See

*Mattos* v. *Superior Court*, 30 Cal.App.2d 641 [86 P.2d 1056], to the effect that the failure to aver notice of an injunction is not required in an affidavit for contempt in violating that injunction, as (p. 647) "The court which tries the original action will take judicial notice of the fact that the accused person was present in court personally or by attorney and participated in the hearing at which the injunction was granted."

█ The affidavit alleges demand by the receiver upon petitioner and his partners for the property and equipment belonging to them and their refusal to deliver them to him; that there is belonging to said partners large amounts of equipment at Red Bluff and Mare Island. This constitutes sufficient charge of failure to obey the court order to give the court jurisdiction to hear and determine whether petitioner should be punished for contempt.

Petitioner contends that the court improperly admitted the transcript of petitioner's testimony on order of examination and a chattel mortgage executed by the partners prior to the appointment of the receiver. These are all matters that do not go to the question of jurisdiction. However, we might point out that the record shows that disregarding these documents there is still ample evidence to support the court's findings. So if these documents were inadmissible (a question we deem it unnecessary to determine) no harm was done. The evidence was sufficient, too, to support the court's finding that petitioner was able to comply with the court's order. Petitioner's contention in this behalf was that the partnership property was not in his possession but in that of one of the other partners. █ It is elementary that each partner has the right to possession and control of the partnership property.

█ As said in *In re Risner*, 67 Cal.App.2d 806 [155 P.2d 667], in habeas corpus proceedings the order punishing for contempt is not subject to attack on the ground of error of the court in the exercise of its jurisdiction, or of irregularities of procedure subsequent to the acquisition of jurisdiction, nor may the reviewing court inquire as to the correctness of the findings which constitute the basis of the conviction or the findings of fact recited in the order of commitment. "The court will not consider the sufficiency of the evidence to sustain the charge, or to support the findings as to the existence of facts—e. g., ability of the petitioner to comply with the violated order." (P. 811.)

### 3. *Order Appointing Receiver.*

Petitioner contends that that order is void and hence he could not be held in contempt for disregarding a void order. He bases his contention on *Ellis* v. *Superior Court,* 138 Cal. App. 552 [33 P.2d 60], which held that a receiver could not be appointed under section 564, subdivision 3 of the Code of Civil Procedure on a money judgment. It might be pointed out that in that case the court stated that if the petitioner for writ of review had been a party to the proceeding in which the order appointing the receiver was made, she would have been barred from obtaining the writ because of her failure to appeal from that order. Petitioner here was a party in the original proceeding and failed to appeal from the order appointing the receiver. Moreover, the receiver was not appointed pursuant to section 564, subdivision 3 of the Code of Civil Procedure but under supplementary proceedings. (Code Civ. Proc., §§ 714, 715.) ▆ As said in *Tucker* v. *Fontes,* 70 Cal.App.2d 768 [161 P.2d 697], ". . . it is well settled that if after hearing the evidence introduced at the hearing of the supplemental proceeding the court concludes that the situation calls for the appointment of a receiver, it is authorized to make such appointment." (P. 771.) ▆ The court stated further (p. 772), quoting from *Pacific Bank* v. *Robinson,* 57 Cal. 520 [40 Am.Rep. 120], " '. . . if there be property which cannot be reached by execution, and which the judgment debtor refuses to apply to the satisfaction of the judgment, he may be compelled, upon examination, in proceedings supplementary to execution, to deliver it in satisfaction of the judgment (§§ 714-721, Code Civ. Proc.) ; i. e., to a receiver appointed to dispose of it in aid of the execution. . . .' " The order appointing the receiver is not void.

### 4. *Commitment.*

The court properly found petitioner in contempt for refusing to obey the order and improperly found him in contempt for refusing to testify. The question then arises as to the proper disposition of the case, in view of the fact that separate penalties were not prescribed by the court. Petitioner contends that the writ must be granted and he be completely discharged from suffering any penalty whatever, basing his contention on *Barry* v. *Superior Court,* 91 Cal. 486 [27 P. 763], and *In re Barry,* 94 Cal. 562 [29 P. 1109], where it was held that another department of the superior court had

no power to enter an additional judgment in a contempt proceeding after another department of that court had already entered judgment; *In re Moore,* 93 Cal.App. 488 [269 P. 664], where it was held that the trial court had no jurisdiction to issue a second commitment; *People* v. *McAllister,* 15 Cal.2d 519 [102 P.2d 1072], to the effect that in a criminal case the trial court has no jurisdiction to vacate or change a sentence once it has been entered; and *White* v. *White,* 130 Cal. 597 [62 P. 1062, 80 Am.St.Rep. 150], *Vance* v. *Smith,* 132 Cal. 510 [64 P. 1078], and *Street* v. *Hazzard,* 27 Cal.App. 263 [176 P. 446], concerning the finality of judgments in civil cases. These cases obviously are not in point. A case more analogous to the situation here is *In re McCoy,* 32 Cal.2d 73 [194 P.2d 531]. There the defendant pleaded guilty to a misdemeanor and was sentenced to the county jail. On habeas corpus it was held that because he had been denied the services of an attorney, the judgment of conviction was void. There, as here, the defendant contended that such finding entitled him to a complete release. The court pointed out that section 1484 of the Penal Code provides that in habeas corpus proceedings "The court or judge must . . . dispose of such party as the justice of the case may require . . ." and then said (p. 77), "So a petitioner will not necessarily be discharged merely because the judgment and commitment are void, if there is valid process under which he may be held." The court further stated that denying the defendant an attorney did not acquit him of the charge, and remanded the defendant to the custody of the sheriff for further proceedings in the police court. So here, the court's error in convicting petitioner of one charge did not acquit him of the charge upon which he was properly convicted. *In Matter of Smith,* 152 Cal. 566 [93 P. 191], the defendant was convicted of burglary but sentenced on a holiday. On habeas corpus it was held that the sentence was illegal but that fact did not entitle the prisoner to discharge. He was remanded to the sheriff to await the further action of the superior court upon the verdict. In *In re Dal Porte,* 198 Cal. 216 [244 P. 355], the defendant was convicted on two counts, one for the sale of intoxicating liquor, the other for its possession. He was sentenced to one penalty. On habeas corpus it was held that his sentence was illegal, having occurred on a legal holiday. It appeared, too, that the police court in which he was tried did not have jurisdiction of the offense charged in the first count but did of that in the second count. Referring to the

general rule that a judgment based upon a general verdict of guilty by a jury finding the defendant guilty under an indictment containing two counts charging two separate crimes, where one count was radically defective, would be reversed even though the other count was perfectly good, the court held nevertheless that the fact that the offense charged in the first count of the complaint was one over which the police court did not have jurisdiction would not be sufficient to oust the court of jurisdiction of the offense over which it had jurisdiction. The defendant was then remanded to custody to await the further action of the police court.

In *State* v. *Sixth Judicial Dist. Court* (1931), 53 Nev. 343 [1 P.2d 105], it was held that the fact that the court found the relator guilty of a contempt not charged did not make void the judgment finding him guilty of the contempt charged.

The situation before the court in a contempt proceeding based upon separate acts is different from that before a jury in a criminal case, based on separate counts. ▮▮▮ It is highly important that courts require full respect for and obedience to its orders, and the fact that a trial court may erroneously find a person guilty of contempt should not be grounds for releasing him from a charge of contempt of which he has properly been found guilty. The superior court here is entitled to sentence petitioner for the contempt of which he was properly found guilty, thereby disposing of him "as the justice of the case may require."

The writ is discharged and the petitioner is remanded to the custody of the sheriff for further proceedings in the superior court.

Peters, P. J., and Wood (Fred B.), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 14, 1954.