[Civ. No. 34304. First Dist., Div. One. Apr. 3, 1974.]

WALTER MORAND et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND
COUNTY OF SAN FRANCISCO, Respondent;
MONROE MORRIS, as Receiver, etc., Real Party in Interest.

[Civ. No. 34493. First Dist., Div. One. Apr. 3, 1974.]

K & E RENTALS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND
COUNTY OF SAN FRANCISCO, Respondent;
MONROE MORRIS, as Receiver, etc., Real Party in Interest.

**COUNSEL**

David A. Norwitt, Harlem, Nevin & Sarrail, Robert A. Harlem, David W. Brennan and John Russell for Petitioners.

No appearance for Respondent.

Robert J. Cort for Real Party in Interest.

**OPINION**

**ELKINGTON, J.**—We have consolidated for hearing and decision two closely related applications for relief by way of mandate. They deal with the power of the superior courts to appoint receivers in aid of execution, and the power of such receivers to commence actions in relation to the receivership.

It has been a long standing judicial practice, in proper cases, to appoint receivers in proceedings variously called "in aid of execution," "supplemental proceedings," "creditors' suits," and "creditors' bills." The purpose of such proceedings is to reach property of a judgment debtor which may not be reached by the ordinary levy of execution. ■ Unlike receivers generally whose true origin is in equity (see 42 Cal.Jur.2d, Receivers, § 3; 65 Am.Jur.2d, Receivers, § 1), receivers in aid of execution are considered creatures of statute. Their nature is pointed up from a wide collection of authority, q.v., by Corpus Juris Secundum, Volume 33, in its

article on Executions, section 385, as follows: "A receivership in proceedings supplementary to execution is a creation of statute and not a remedy in equity. The receiver is not, except in a technical sense, an officer or instrumentality of the court, but represents and is an agent of the judgment debtor, the judgment creditor at whose instance he was appointed, and such other judgment debtors [*sic*] as may have caused the receivership to be extended to their claims."

■ The appointment of such a receiver rests wholly within the judicial discretion, and upon appointment he is subject to the continued direction and control of the court. The appointment may be made where there are reasonable grounds to believe that the judgment debtor, or third parties, have control of property which rightfully should be subject to execution. Upon his appointment the receiver has no greater rights against others than the judgment creditor would have. And in a proper case, when authorized by the court or by statute, such a receiver may maintain an action to effect the purpose of the receivership. (See generally: 33 C.J.S., Executions, §§ 384-393; 21 C.J.S., Creditors' Suits, § 63; 30 Am.Jur.2d, Executions, §§ 851-858; and see authority in these works collected.)

But it must be borne in mind that "[t]he power to appoint a receiver is a delicate one which is exercised sparingly and with caution, and only in an extreme case under such circumstances as demand or require summary relief, and never in a doubtful case or where there is no necessity or occasion for the appointment." (75 C.J.S., Receivers, § 15; see also 33 C.J.S., Executions, § 386, subd. d; 30 Am.Jur.2d, Executions, §§ 851-853; and see authority in these works collected.)

California follows the general rules we have discussed. Code of Civil Procedure section 564, subdivision 4, has since 1933 authorized appointment of a receiver: "After judgment, . . . in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment; . . ." Section 568 of the same code provides that: "The receiver has, under the control of the court, power to bring and defend actions in his own name, as receiver; . . ." The power to appoint receivers "in aid of execution" had been recognized by the state's courts. (See *Bruton* v. *Tearle*, 7 Cal.2d 48, 56 [59 P.2d 953, 106 A.L.R. 580]; *In re Ferguson*, 123 Cal. App.2d 799, 804 [268 P.2d 71]; *Tucker* v. *Fontes*, 70 Cal.App.2d 768 [161 P.2d 697]; *Elson* v. *Nyhan*, 45 Cal.App.2d 1, 4-5 [113 P.2d 474]; *Medical F. Assn.* v. *Short*, 36 Cal.App.2d Supp. 745 [92 P.2d 961]; 19 Cal.Jur.2d, Rev., Executions, § 233.) And the right of such a receiver to bring and defend actions has also been judicially recognized. (*Tucker* v. *Fontes, supra*, p. 773.)

But we find it important to note that California rigidly adheres to the principle that the power to appoint a receiver is a delicate one which is to be exercised sparingly and with caution. It is said by the state's courts that the appointment of a receiver is "an extraordinary and harsh," and "delicate," and "drastic," remedy to be used "cautiously and only where less onerous remedies would be inadequate or unavailable. . . ." (See *Cohen* v. *Herbert,* 186 Cal.App.2d 488, 495 [8 Cal.Rptr. 922]; *Alhambra etc. Mines* v. *Alhambra G. Mine,* 116 Cal.App.2d 869, 873 [254 P.2d 599]; *Dabney Oil Co.* v. *Providence Oil Co.,* 22 Cal.App. 233, 238, 239 [133 P. 1155]; 42 Cal.Jur.2d, Receivers, § 9.) And a party to an action should not be "subjected to the onerous expense of a receiver, unless . . . his appointment is obviously necessary to the protection of the opposite party. . . ." (*De Leonis* v. *Walsh,* 148 Cal. 254, 255 [82 P. 1047].)

■ It is the rule that: "The functions and powers of a receiver are controlled by statute, by the order appointing him, and by orders subsequently made by the court. He has no powers beyond those so conferred." (42 Cal.Jur.2d, Receivers, § 73; and see authority there collected.) This rule is given particular effect with regard to actions sought to be commenced by the receiver. He may commence such an action only by authority of statute or the "special" or "express" permission of the court which appointed him. (See Code Civ. Proc., § 568; *Scott* v. *Hollingsworth,* 215 Cal. 314, 316 [9 P.2d 836, 82 A.L.R. 995]; *Bishop* v. *McKillican,* 124 Cal. 321, 325-326 [57 P. 76]; *Tibbets* v. *Cohn & Co.,* 116 Cal. 365, 367 [48 P. 372]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 116; 42 Cal.Jur.2d, Receivers, §§ 89, 90.)

We end this dissertation and proceed with our analysis of the problems presented to us.

Scott Electric Company had obtained a money judgment against a corporation named Far East Exports. The judgment was unsatisfied, after return of execution and summary proceedings.

Thereafter, upon notice and hearing, one Monroe Morris was in the same action, appointed receiver in aid of execution under Code of Civil Procedure section 564, subdivision 4. His authority, spelled out in the order and as relevant here, was (1) to "take over any and all assets of the judgment debtor herein and to take all necessary action to reduce the same to possession," and (2) to "collect any rents due and hereafter to become due from tenants or sublessees of said judgment debtor."

Thereafter Monroe Morris as such receiver represented to the court that Western Tri-Pack Corporation and Surgical Plastic Products, Inc.,

had possession of or were claiming certain "assets, to wit, rental to be paid the judgment debtor." On application therefor the court authorized the receiver to employ a designated attorney "as his attorney for the purpose of taking whatever action may become necessary to obtain possession of the property now in the possession of Western Tri-Pack Corporation, and to do all other things necessary to enable [the receiver] to effectively carry out the responsibilities of his receivership."

The receiver thereupon commenced an action for "Declaratory Relief" against the judgment debtor, Far East Exports, Western Tri-Pack Corporation, and, among others, the previously unmentioned four petitioners in the mandate proceedings before us, Walter Morand, Surgical Plastic Products, Inc., K. L. Kleinen and K & E Rentals, Inc.

The action sought a judicial declaration that a certain sublease in which the defendants allegedly claimed an interest was the property solely of the judgment debtor Far East Exports; and further, that certain of the defendants were "each the alter-ego of the other." Although compensatory damages were not sought, punitive damages of $25,000 were.

The defendants below and petitioners here, Walter Morand, Surgical Plastic Products, Inc., K. L. Kleinen and K & E Rentals, Inc., objected, by way of demurrers, to the jurisdiction of the superior court to entertain the receiver's action against them. The demurrers having been overruled, they sought from this court peremptory writs of mandate directing that their demurrers be sustained without leave to amend. We issued alternative writs of mandate directed to the superior court.

We first observe that Code of Civil Procedure section 720 provides that when "it appears that a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, the judgment creditor may maintain an action against such person or corporation for the recovery of such interest or debt; . . ." And certainly, in such an action, the judgment creditor himself could establish that third parties claiming interest in the property, or denying the debt, were but the *alter egos* of the judgment debtor. For these reasons there would seem to have been scant reason for the court in the exercise of its judicial discretion, to authorize the receiver to commence the action; no reason was shown why it should not have been brought by the judgment creditor under Code of Civil Procedure section 720.

■ But the central question before us is whether the receiver was, in any event, authorized to bring the action against the several petitioners in the proceedings now before this court.

As pointed out, the only conceivable authority of the receiver for the *bringing of the action* was the court's order permitting employment of an attorney "for the purpose of taking whatever action may become necessary to obtain possession of the property now in the possession of Western Tri-Pack Corporation." This questionable authority to sue one defendant falls far short of leave to commence an action against the there unnamed four parties who are the petitioners before us. The order's additional language, "and to do all things necessary to enable the receiver to effectively carry out the responsibilities of his receivership," gave no "special" or "express" permission to commence an action against them. Indeed, if one were to assume that it did, then the court would have improperly relinquished to the receiver the discretion whether an action might be commenced, and if so, against whom.

Applying the pertinent rules we hold that the receiver had no legal authority to commence his action against the petitioners in these mandate proceedings; and that accordingly the superior court was without jurisdiction to entertain the action. It was error to overrule the demurrers.

The peremptory writs of mandate will issue.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied May 3, 1974, and the petition of the real party in interest for a hearing by the Supreme Court was denied May 29, 1974.