Filed 2/4/21

# CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MEDIPRO MEDICAL STAFFING LLC et al., | B305910 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC667851) |
| v. |  |
| CERTIFIED NURSING REGISTRY, INC., et al., |  |
| Defendants and Appellants. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Reversed.

Khouri Law Firm, Michael J. Khouri and Michael Tran for Defendants and Appellants.

Verus Law Group, Holly Walker and Mark N. Strom for Plaintiffs and Respondents.

\* \* \* \* \* \*

By statute, a trial court has the discretion to appoint a receiver to aid in the collection of a judgment if doing so "is a reasonable method to obtain the fair and orderly satisfaction of the judgment." (Code Civ. Proc., §§ 564, subd. (b)(3) & (4), 708.620.)[1]  Does a trial court abuse that discretion if it appoints a receiver to aid in the collection of a money judgment where the record contains no evidence that the judgment debtors had obfuscated or frustrated the creditor's collection efforts and no evidence that less intrusive collection methods were inadequate or ineffective?  We hold it does.  Accordingly, we reverse the trial court's order appointing a receiver and its subsidiary injunction obligating the judgment debtors to cooperate with the receiver.

## FACTS AND PROCEDURAL BACKGROUND

### I.  The Underlying Judgment

In July 2017, Medipro Medical Staffing, LLC (Medipro) sued Certified Nursing Registry, Inc. (Certified), which was one of its competitors in the nurse staffing industry, and Certified's founder, Christina Sy (Sy), for a variety of business torts.  A jury awarded Medipro $2 million in damages against Certified and $450,000 in damages against Sy.  These amounts do not include costs, interest, or the $650,000 damages award against the other two defendants for which Certified and Sy are jointly and severally liable.  The trial court entered judgment on March 8, 2019, and we affirm that judgment in a separate opinion filed today.  (*Medipro Medical Staffing, LLC v. Certified Nursing Registry, Inc.* (Feb. 4, 2021, B294391) [nonpub. opn.].)

---

[1]      All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

## II.    Initial Collection Efforts

After filing a writ of execution on April 26, 2019, Medipro thereafter (1) served levies on 10 financial institutions regarding accounts associated with Certified or Sy, (2) served levies on 11 hospitals to whom Certified provided staffing services regarding their accounts payable to Certified, and (3) obtained a charging order against Sy's interest in a limited liability company (LLC) owned by her husband.  Medipro did not serve any interrogatories requesting information to aid in the collection of the judgment (§ 708.020), did not place liens on any of Certified's or Sy's property (§ 695.010 et seq.), and did not seek to compel Sy's or her husband's appearance at debtors' examinations (§ 708.110), although it unsuccessfully tried to serve Sy 25 times and served her husband but had yet to conduct the examination.

For a time, Medipro's collection efforts bore fruit.  By September 2019, Medipro had obtained $35,171.77 from the financial institution levies and $374,200.86 from the hospital levies.  However, the collections from the hospital levies started to dwindle in August 2019 and stopped altogether in September 2019.

## III.    Motion for Appointment of Receiver and for Complementary Injunctive Relief

### A.    *Briefing and evidence*

On Halloween 2019, Medipro filed a motion with the trial court to obtain (1) an order appointing a receiver authorized to "take possession" of Certified's "funds," "books and records" and to enforce the charging order against Sy's interest in the LLC, and (2) a complementary preliminary injunction requiring Certified and Sy to "giv[e] the receiver access" to "all books and records" of Certified and the LLC.  In support of its motion, Medipro submitted the declaration of its attorney, who

3

represented that (1) "Certified is currently conducting its business as usual, and providing staffing" to the hospitals, (2) Certified must be "billing under the name of another entity or person[] to circumvent" Medipro's levies because an employee named "Lisa" at one of the hospitals told her that Certified had "canceled" a September 2019 invoice and did not issue any invoices in October 2019, and (3) based on information and belief, the LLC had eight real properties that generated rents but the LLC had not forwarded any distributions to Sy and the attorney "expected that Sy's husband will not comply with the charging order."

Certified and Sy opposed the motion. In support of this opposition, Sy submitted a declaration indicating that Certified's business had "significantly diminished since Medipro began serving levies on the hospitals," causing three of its hospitals to stop business altogether and the remainder to have so few assignments that Certified was no longer sending weekly invoices. Also in support of the opposition, Sy's husband submitted a declaration indicating that the LLC was "financially struggling" and had made "[no] distributions."

Medipro submitted a reply, which included deposition testimony from a Certified independent contractor stating that she was still providing consulting services to Certified and that Certified had issued her paychecks for those services in September, October and November of 2019.

## B.   *Ruling*

After a hearing, the trial court issued its ruling. As a preliminary matter, the court sustained Certified's evidentiary objections and struck Medipro's counsel's statements that Medipro was conducting "business as usual," counsel's hearsay

4

recounting of what "Lisa" said, and counsel's conjecture that Medipro must be billing its hospital clients under another name. The court nevertheless appointed a receiver and issued injunctive relief. Specifically, the court appointed a receiver to "take possession, custody and control" of the "accounts receivable and business accounts," to "enter and gain access to [the o]ffices," to "take possession of all bank accounts," to "collect" "all mail," and to "take possession of all the books and records" of both Certified *and* the LLC. The court also enjoined Certified and the LLC from interfering with the receiver's performance of his duties.

## IV.    **Appeal**

Certified and Sy filed this timely appeal.

## DISCUSSION

Certified and Sy argue that the trial court erred (1) in appointing the receiver and issuing the complementary preliminary injunction, and (2) in granting relief beyond what Medipro requested. Because the preliminary injunction issued in this case is merely an adjunct to the appointment of the receiver and because the challenge to the breadth of the receiver's powers presupposes that the appointment was proper, Certified and Sy's appeal presents a threshold question: Did the trial court err in appointing the receiver?

It is undisputed that the trial court had the *authority* to appoint a receiver to aid in collection of the judgment. By statute, a court "may" appoint a receiver "[a]fter judgment" "pursuant to the Enforcement of Judgments Law" (§ 564, subd. (b)(4)), and the Enforcement of Judgments Law (§ 680.010 et seq.) empowers a court to appoint a receiver "to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor,

5

the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment" (§ 708.620). (Accord, *Tucker v. Fontes* (1945) 70 Cal.App.2d 768, 772 (*Tucker*) [so noting].)  It also is undisputed that the trial court had the *authority* to appoint a receiver to enforce the charging order as part of Medipro's collection efforts.  By statute, a court "may" "[a]ppoint a receiver of the distributions" to a member of a limited liability company if "necessary to effectuate the collection of distributions pursuant to a charging order."  (Corp. Code, § 17705.03, subd. (b)(1).)

What we must decide is whether the trial court in this case properly exercised this authority in the post-judgment collections context.  Because trial courts enjoy a "large measure" of discretion, albeit "not an entirely uncontrolled one," in deciding when to exercise their authority to appoint a receiver (*Golden State Glass Corp. v. Superior Court of Los Angeles County* (1939) 13 Cal.2d 384, 393 (*Golden State*)), we review the decision to appoint one solely for an abuse of that discretion (*City and County of San Francisco v. Daley* (1993) 16 Cal.App.4th 734, 744 (*Daley*)).

Because the appointment of a receiver transfers property— or, in this case, a business—"out of the hands of its owners" and into the hands of a receiver (*Golden State*, *supra*, 13 Cal.2d at p. 393), the appointment of a receiver is a very "drastic," "harsh," and costly remedy that is to be "exercised sparingly and with caution."  (*Jackson v. Jackson* (1967) 253 Cal.App.2d 1026, 1040 (*Jackson*); *Golden State*, at p. 393; *Cohen v. Herbert* (1960) 186 Cal.App.2d 488, 495 (*Cohen*); *Morand v. Superior Court* (1974) 38 Cal.App.3d 347, 351 (*Morand*).)  Due to the "extraordinary" nature of this remedy and the special costs it imposes, courts are

6

strongly discouraged—although not strictly prohibited—from appointing a receiver unless the more intrusive oversight of a receiver is a "necessity" because other, less intrusive remedies are either "'inadequate or unavailable.'" (*Jackson*, at pp. 1040-1041; *Cohen*, at p. 495; *Morand*, at p. 351; *Rogers v. Smith* (1946) 76 Cal.App.2d 16, 21; cf. *Daley, supra,* 16 Cal.App.4th at p. 745 ["[T]he availability of other remedies does not, in and of itself, preclude the use of a receivership"]; *Gold v. Gold* (2003) 114 Cal.App.4th 791, 808 [same].)

In light of the sheer number of enforcement mechanisms for collecting money judgments under the Enforcement of Judgments Law (which range from levies to liens to wage garnishment (§§ 695.010 et seq., 697.010 et seq., 699.010 et seq., 699.510 et seq., 706.020 et seq.); accord, *Tucker, supra,* 70 Cal.App.2d at p. 773 ["ordinarily a judgment creditor is able to collect money . . . by way of garnishment or levy of execution"]), appointment of a receiver is rarely a "necessity" and, as a consequence, "may not ordinarily be used for the enforcement of a simple money judgment." (*Jackson, supra,* 253 Cal.App.2d at p. 1040; accord, *White v. White* (1900) 130 Cal. 597, 599 [receiver may not be appointed to collect a money judgment under section 564, subdivision (b)(3)].) Instead, the appointment of a receiver to enforce a money judgment is reserved for "exceptional" circumstances where the judgment creditor's conduct makes a receiver necessary—and hence "proper." (*Jackson*, at p. 1041; *Olsan v. Comora* (1977) 73 Cal.App.3d 642, 647; *Daley, supra,* 16 Cal.App.4th at p. 744.) This occurs when the judgment debtor has frustrated the judgment creditor's collection efforts through obfuscation or through otherwise contumacious conduct that has rendered feckless the panoply of less intrusive mechanisms for

7

enforcing a money judgment.  (See *Bruton v. Tearle* (1936) 7 Cal.2d 48, 52 [debtor "entered into a conspiracy" with his employer to arrange wage payments in a manner that "defeat[ed] the collection" of judgment; receiver appropriate]; *Tucker*, at pp. 772-774 [debtor received money from his business customers and from property, but had structured them to render them immune to ordinary collection mechanisms; receiver appropriate]; *In re Ferguson* (1954) 123 Cal.App.2d 799, 802, 804 [debtor gave "'manifestly evasive'" testimony at debtor's examination; receiver appropriate]; *Daley*, at pp. 744-745 [debtors transferred title of property "to avoid responsibility" and "thumb[] their noses" at creditor's inspection efforts; receiver appropriate]; see also *Sachs v. Killeen* (1958) 165 Cal.App.2d 205, 214 [party subject to receiver "conceal[ed] . . . actual profits of the business"; receiver pendente lite appropriate].)

The trial court in this case abused its discretion in appointing a receiver to enforce Medipro's money judgment because there was no evidence—let alone the *substantial* evidence necessary to sustain a proper exercise of discretion (*Shoen v. Zacarias* (2019) 33 Cal.App.5th 1112, 1118)—that Certified or Sy had engaged in obfuscation or other obstreperous conduct to the degree that the other collection mechanisms available under the Enforcement of Judgments Law were ineffective.  Excising the evidence the trial court ruled inadmissible, the remaining evidence in support of Medipro's motion showed, at best, that (1) Certified's accounts receivable had slowed in August 2019 and stopped in September 2019, even though Certified continued to have funds to pay its consultant, and (2) the LLC did not make any distributions to Sy.  But the court did not have before it any evidence as to *why*, and, more

8

specifically, did not have before it any evidence that Certified or Sy had actually earned accounts receivable or distributions despite the slowdowns or that they had engineered these slowdowns to confound Medipro's collection efforts. Indeed, the only evidence in the record on these points came from Certified and Sy, and indicated that the slowdowns were due to factors beyond their control—namely, that Medipro's collection efforts had severely crippled Certified's business and reduced the frequency and amount of its accounts receivable, and that the LLC had not turned any profit that would allow for a distribution.

Medipro argues that the trial court could have reasonably inferred that the slowdowns in Certified's accounts receivable and the LLC's distributions were due to nefarious conduct by Certified or Sy, but this inference is based on nothing but speculation and thus is not a *reasonable* inference. (*People v. Redmond* (1969) 71 Cal.2d 745, 755 [speculation is "not a sufficient basis for an inference of fact"]; *Advent, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA* (2016) 6 Cal.App.5th 443, 459 ["Speculation also differs from a reasonable inference"].) Medipro's fear that Sy's husband might try to subvert its collection efforts in the future is based on nothing more than its counsel's "information and belief," and is thus also "insufficient." (*A.G. Col Co. v. Superior Court* (1925) 196 Cal. 604, 614-615.) And Medipro offered no evidence that the remaining arrows in its Enforcement of Judgments Law quiver would be insufficient; nor could it, as Medipro had barely sought to employ any of them.

In sum, Medipro's evidentiary showing demonstrated that it had, at most, encountered some difficulty in its initial efforts to collect on its money judgment. If this was sufficient to constitute

9

the "necessity" required to justify the "extraordinary" remedy of the appointment of a receiver to take over a judgment debtor's business, it is difficult to see how the appointment of receivers would not become a routine part of the collection of judgments—a result at odds with the solid wall of precedent holding to the contrary.  The trial court accordingly abused its discretion in appointing a receiver on the record in this case.[2]

## DISPOSITION

The order is reversed, without prejudice to Medipro filing a subsequent motion for appointment of a receiver.  Certified and Sy are entitled to their costs on appeal.

**<u>CERTIFIED FOR PUBLICATION</u>.**


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

---

[2]     This holding in no way precludes Medipro from re-submitting a motion for appointment of a receiver based on competent evidence that meets the standards set forth above.