[S. F. No. 1732. In Bank.—January 16, 1899.]

## STUPARICH MANUFACTURING COMPANY, Petitioner, v. SUPERIOR COURT OF SAN FRANCISCO, et al., Respondents.

RECEIVER—JURISDICTION OF COURT—PROPERTY HELD BY THIRD PERSON—ORDER FOR DELIVERY—PROHIBITION.—Upon the appointment of a receiver in an action, the superior court has no jurisdiction to order that property in the possession of and claimed by a third person or corporation not a party to the suit shall be delivered to the receiver. The court can only authorize the receiver to bring suit therefor; and the enforcement of an order requiring summary delivery of the possession to the receiver, without an action, will be restrained by writ of prohibition.

ID.—CLAIM OF OWNERSHIP BY POSSESSOR NOT A PARTY—RIGHT OF CLAIMANT TO JUDICIAL TRIAL.—A person or corporation in possession of personal property under a claim of ownership cannot be summarily deprived thereof by an order of court, based upon *ex parte* affidavits in a proceeding to which such claimant is not

a party; but he has the right to have his title determined in an appropriate action by the verdict of a jury or the findings of the court upon issues framed for that purpose.

ID.—POSSESSION OF PLAINTIFF AS OFFICER OF CORPORATION.—The fact that the plaintiff in the action in which a receiver is appointed has possession of property as an officer of a corporation which claims the ownership of the property, and which is not a party to the suit, does not change the rule that the corporation can-not be deprived of its possession without an action properly brought against it; but the plaintiff in such case has the right to assert the ownership of the corporation, and the character in which he held the property as an officer thereof.

APPLICATION for writ of prohibition from the Supreme Court to the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Petitioner.

Rothchild & Ach, for Respondents, and for Joseph Gassman, Intervenor.

HARRISON, J.—Application for a writ of prohibition. In an action pending in the superior court for San Francisco between Paul J. Stuparich as plaintiff and Joseph Gassman as defendant, for the dissolution of a partnership, the court appointed a receiver to take into his possession all the property belonging to said partnership. The defendant in the action, claiming that certain personal property belonged to the partnership, procured an order of the court directing the receiver to take possession of the same, whereupon the petitioner herein presented to the court a petition setting forth that it was the owner of said property and in possession of the same, and prayed the court for a stay of proceedings upon its order directing the receiver to take it into his possession. The court denied this petition, and directed the receiver to take possession of said property. Thereupon the petitioner made this application for a writ of prohibition restraining the superior court and its receiver from seizing any of the property so claimed by it. In answer to this petition the respondents allege that the property in question belongs to the partnership, and that the petitioner

has no claim or right thereto, and that at the time the receiver was appointed the property was in the actual possession and control of the partnership. There is also an averment in the answer that the property is in the possession of the petitioner herein and of the respondent, but this is evidently a clerical misprision. The name of the person who has the physical possession of the property is not alleged, but it is assumed that the property is in the possession of Paul J. Stuparich, the plaintiff in the action in the superior court, who is also the president of the petitioner herein, and who makes the affidavit for the writ in its behalf.

It is not within the function of this court upon this application to determine whether the property in question does or does not belong to the petitioner, nor did the superior court have authority by its order to direct the receiver to take the property from the possession of the petitioner. A person in possession of personal property under a claim of ownership cannot be summarily deprived thereof by an order of court based upon the affidavits of an adverse claimant, but he has the right to have his title determined in an appropriate action by the verdict of a jury or the findings of a court upon issues framed for that purpose. (*Ex parte Hollis*, 59 Cal. 405; *Ex parte Casey*, 71 Cal. 269.) The petitioner herein was not a party to the action in the superior court, and that court had no jurisdiction over it or over its property, or to direct it to surrender to the receiver any property which it claimed to own.

The fact, if it be such, that the property is in the custody of the plaintiff in the action does not change the rule. If his possession is that of the petitioner, and not in his own right, the petitioner is entitled to be protected in such possession against the claim of the receiver, and, as its officer or bailee, the plaintiff was authorized to assert the ownership of the corporation, and the character in which he held the property in opposition to such claim. As soon as it was made to appear to the superior court that the property was claimed by a stranger to the action the court should have denied the application of the receiver. It could have authorized the receiver to institute an action for its recovery, but it could not direct him to take the property from the possession of the petitioner.

The application for the writ is granted.

Beatty, C. J., McFarland, J., Van Dyke, J., and Henshaw, J., concurred.