KEYSER v. ERICKSON, District Judge.

No. 3874.   Decided December 5, 1922.   Rehearing denied December 27, 1922.   (211 Pac. 698.)

1.  RECEIVERS—RECEIVER SEEKING RESTRAINING ORDER MUST GIVE BOND AS OTHERS.  A receiver, seeking an injunction or a restraining order in a particular action, must give the bond required by Comp. Laws 1917, § 6690, or, if such order has been issued without the proper undertaking, it should be set aside.

2.  RECEIVERS—MUST BRING ACTION FOR PROPERTY CLAIMED; COURT CANNOT ORDER DELIVERY TO THEM.  A receiver, claiming property in the possession of another, must sue for its possession as any other, and it is without the jurisdiction of the court and a violation of constitutional rights to order delivery of

property to him without the bond required by Comp. Laws 1917, § 6673, etc.

On Application for Rehearing.

3. APPEAL AND ERROR—DEFENSE FIRST ASSERTED UPON APPLICATION FOR REHEARING NOT AVAILABLE. Where one, who has by an order of the court been wrongfully required to surrender property to a receiver, has in a petition to review such order pleaded his possession under claim and color of title at the time of the order, which allegations have been admitted by a general demurrer, *held* that the defendants cannot thereafter ground an application for rehearing on assertion of constructive possession in the receiver.

Proceedings by George D. Keyser by a writ of review against Joseph H. Erickson, as Judge of the District Court of Sevier County, to review an order had in receivership proceedings then pending.

ORDER ANNULLED.

*George Y. Wallace*, of Salt Lake City, for plaintiff.

*Moyle & Ray*, of Salt Lake City, for defendant.

FRICK, J.

On September 27, 1922, the plaintiff filed an application in this court against the defendant as judge of the district court of Sevier county, who hereinafter will be called defendant, in which application plaintiff asked this court to issue a writ of review against the defendant, requiring him to certify the proceedings had in said district court in an action pending therein, upon the alleged ground that the defendant had exceeded his jurisdiction, as hereinafter will more fully appear.

The plaintiff, in his application, after stating certain jurisdictional facts and matters of inducement, in substance alleges that an action is pending in said district court wherein the Federal Reserve Bank of San Francisco is plaintiff and

Neal McMillan and others, naming them, are defendants; that the said district court had exceeded its jurisdiction in making an order in the foregoing action whereby the plaintiff herein, in violation of "his constitutional rights," was deprived of his property, and that said district court further exceeded its jurisdiction by issuing and causing to be served on the plaintiff herein a "restraining order * * * without requiring the written undertaking required by law" to be executed to protect plaintiff against damages by reason of said injunction if it were wrongfully issued; that said district court further exceeded its jurisdiction by directing the receiver in the pending action aforesaid "to take certain personal property from the possession of your petitioner [the plaintiff herein] while your petitioner under penalty of contempt was restrained * * * from interfering with said receiver, * * * which property your petitioner then held in his possession under claim and color of title." Further reasons are alleged why the defendant, acting as said district court, had exceeded his jurisdiction, but it is not necessary to repeat them here. Plaintiff's application is also supported by his affidavit filed in the action aforesaid, in which the facts respecting his claim of ownership and right to possession of the property in dispute are fully set forth.

A writ of review was duly issued as prayed for, and the defendant has made due return thereto by certifying to this court a full and complete transcript of the proceedings had before him, together with the orders made and issued in the action to which we have referred, and in which the receiver referred to had been appointed, including the evidence which the court heard in the course of the proceedings had in the action aforesaid.

It is made to appear from the proceedings certified up that a receiver was appointed in the action aforesaid which is now pending in said court; that the plaintiff herein was in possession of and claimed a special ownership or title to certain thoroughbred cattle which were also claimed by the receiver as belonging to the bank, plaintiff in said action,

and which cattle are fully described, both in plaintiff's affidavit aforesaid and in the court proceedings; that the plaintiff herein was about to dispose of said cattle when he was restrained or enjoined from so doing by the order of said district court, and in connection with said restraining order or injunction said court required the plaintiff to deliver possession of all of said cattle to the receiver, notwithstanding plaintiff's claim of right to possession and title thereto as aforesaid; that in obedience to the court's restraining order, and to avoid unnecessary proceedings for contempt, etc., with respect to the order to deliver said cattle to the receiver, the plaintiff herein, under protest, surrendered them to said receiver, and after doing so made a special appearance in the action pending as aforesaid, and asked that the restraining order and the order requiring him to deliver said cattle to the receiver be quashed, annulled, and set aside, and that the receiver be required to return possession of said cattle to the plaintiff herein, and that in the event the court refused to make the orders as prayed for then that the plaintiff herein and those in interest with him be made parties to the action pending as aforesaid. The court denied both of plaintiff's requests, and immediately thereafter this proceeding was commenced in this court. After making the return and certifying the proceedings as hereinbefore stated, the defendant filed a general demurrer to plaintiff's application, and the cause was submitted upon plaintiff's application, the return, and the demurrer of the defendant.

While we have stated the facts in the most general terms, yet, in our judgment, the statement correctly reflects the record of the proceedings had in the pending action, and sufficient is made to appear to make clear the questions of law that are presented for decision.

The plaintiff contends that the restraining order issued by the court is void for the reason that it was issued in violation of Comp. Laws Utah 1917, § 6690, which, so far as material, provides:

"On granting a restraining order or an injunction, the court or

judge must require, *except when the state, a county, or a municipal or other public corporation, or a married woman in a suit against her husband, is plaintiff*, a written undertaking on the part of the plaintiff, with sufficient sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto." (Italics ours.)

It will thus be seen that the exceptions where undertakings are not required are specifically stated in the statute. That is, the exceptions to the general rule that undertakings must be given are expressly enumerated. In view of this, it is not easy to perceive how the district court arrived at the conclusion that the receiver, who merely acted on behalf of the plaintiff in the pending action, which is merely a private corporation and clearly not within any of the exceptions, was not required to execute the statutory undertaking to protect the plaintiff herein against injury and damages as contemplated by the statute. It has been directly held that when the statutes make no exception in favor of a receiver he is required to execute the undertaking required by the statute in case he asks for a restraining order or for an injunction in a certain action. *Houston Ice & Brewing Co.* v. *Clint* (Tex. Civ. App.) 159 S. W. 409-416. The general rule respecting the execution of an undertaking, or what is commonly called a bond, in case an injunction is prayed for, is stated in 22 Cyc. 923, thus:

"Where the statute requires that the party applying for an injunction shall, as a condition precedent to its issuance, execute a bond or undertaking, with sufficient sureties, an injunction issued without such bond or undertaking is inoperative and void and may be disregarded without danger of punishment for contempt. But where the granting of a restraining order without a bond is merely an irregularity which does not render it void, the subsequent execution of a proper bond will cure the irregularity and render the proceedings valid. While the bond is mandatory, if the complainant offers to supply it, this may be allowed even in the court of last resort. The want of a bond or undertaking is good ground for a motion to dissolve the injunction, but the proper order in such case is that a bond be executed within a reasonable time or the injunction be dissolved in default thereof. And if the defendant waits

an unreasonable time before making the objection, he will be presumed to have waived the irregularity."

The district court therefore ought to have required the receiver to file an undertaking in accordance with the terms of the statute before enjoining the plaintiff herein. In view, however, that the restraining order was issued without an undertaking having been executed, the court should have set it aside upon plaintiff's request. In view of the proceedings had in this case, however, that phase of the case is not so important as is the order of the court made in the pending action aforesaid by which the plaintiff herein was required to and did surrender possession of the property in question to the receiver notwithstanding plaintiff's claim of title and right of possession. In issuing and enforcing that order the defendant, acting as the district court of Sevier county, manifestly exceeded his jurisdiction. It is elementary that a receiver ordinarily is entitled to the possession of all of the property of the estate which he, as the arm of the court and as a receiver, is required to administer. It is however, equally elementary that in case a third person is in possession of certain personal property to which he claims title or some interest adverse to the receiver, the receiver cannot, against the consent of such claimant, take the property from him under a mere order of the court appointing him. As against such a claimant the receiver's rights are no better nor greater than are the rights of any other claimant of the property against the claimant in possession. The receiver's only course in such circumstances is to bring a proper action to obtain possession of the property in dispute, the same as any other claimant would be required to do.

Mr. High, in his excellent work on Receivers (4th Ed.) in section 145, after stating the receiver's rights with respect to obtaining and holding possession of property, and that in certain circumstances he may obtain possession by virtue of an order of the court appointing him, and after stating that the courts are slow to interfere with the possession of third persons, states the law thus:

"And where personal property is in the possession of a third person, not a party to the receivership proceeding, under a claim of title, it is improper for the court which appointed the receiver to order him to take possession of such property, but he should be instructed to institute a separate action at law for its recovery; and the enforcement of such order is properly restrained by writ of prohibition."

See, also, *Stuparich Mfg. Co.* v. *Superior Court,* 123 Cal. 290, 55 Pac. 985. See, also, High on Receivers (4th Ed.) § 457, where the subject is further considered.

We remark, that in view that in this case the order to take possession had been fully executed and the receiver had taken possession, prohibition would not be the proper remedy to prevent its enforcement; but, having been executed, the only remedy was a writ of review to annul the action of the court and to restore plaintiff's possession.

The question, therefore, is entirely free from doubt that property cannot be taken from a claimant by a receiver by a mere order of the court issued in the receivership action, or in any other action for that matter.

Counsel for the defendant have cited many cases in which the receiver's rights to possession of the property belonging to his estate are discussed. In all of those cases, however, the receiver had obtained possession or was in possession of the property in question, and his right to possession was assailed by third persons. Those cases, therefore, have no application to a case like the one at bar; hence we refrain from referring to them further.

The question of whether the receiver shall be required to bring a separate action to obtain possession of personal property or not is not merely a question of form or procedure in this jurisdiction, but it is of great importance to the claimant, and is a matter of substance on which he may insist as a matter of right. In the first place, his personal property cannot be taken from him without the delivery of a proper undertaking executed by competent sureties. Comp. Laws Utah, 1917, § 6673 et seq. One not only has a right to except to the sufficiency of the surety, but, if he so elects, he may execute a redelivery bond as

provided in the section following, and retain possession of the property. This latter right is a most important one, and in certain circumstances may be a very valuable one. The property may be perishable, or, in case of live stock, it may be very expensive to feed and care for it by the receiver. Then again the cattle may be fed at the time they are taken and may not yet be fit for market, and the claimant may have sufficient food and all the facilities for feeding and fattening the cattle and making them fit for market. If, therefore, the cattle should be disposed of forthwith by the receiver, great and irreparable damage might follow. Under the foregoing circumstances the claimant may therefore execute the redelivery bond provided for by our statute, and may retain the possession of perishable property, or of cattle, as the case may be, and may prepare the same for market and may dispose of the same to the best advantage, and the bond will stand in lieu of the property.

Moreover, whether a separate action for possession shall be brought or not is important to the claimant from another point of view. If he is required to intervene in the receivership action to obtain possession of the property, the burden of proof to establish his right of ownership and to possession is cast upon him. Upon the other hand, if the receiver claims the right to possession the burden is cast upon the receiver. Then again a party claiming the right to the possession of the property as against the receiver or any one else is entitled to a jury trial, unless he, in a legal manner, waives such a right. And even though he may merely have a special interest in the property, he, nevertheless, has a right to have a jury pass upon what interest he is entitled to, and the value of that interest.

From every point of view, therefore, that we may consider the question it is apparent that the plaintiff in this case has been deprived of the property in question and the possession thereof contrary to the forms of law and by a mere order of the court which it had no power to make or enforce.

At first blush we were of the opinion that we might dis-

pose of this case by merely ordering the court to require the receiver to make the plaintiff herein and those in interest with him parties to the receivership action. Upon reflection, however, and for the reasons hereinbefore stated, we have been forced to the conclusion that we have no right to require the plaintiff to submit to such a course unless he voluntarily consents to do so. That he has refused to do, and hence the only alternative we have is to enforce the law in his behalf as it exists and as we have outlined it herein. In view, however, that the cattle are in the possession of the receiver, and have been so for some time, it does not seem necessary, unless the plaintiff insists upon it, that the formal return of the cattle be made to the plaintiff before bringing the proper action, as herein indicated. The receiver may therefore bring an action in replevin for the possession of the cattle in dispute, and may execute the statutory undertaking as required in such an action, and if the plaintiff herein then desires to take possession of the cattle pending the litigation, he may execute the statutory redelivery bond and obtain possession of the cattle and deal with them as hereinbefore stated. As a matter of course, the replevin action must be disposed of before the receivership action can be finally determined.

It also follows from what has been said that the injunction against the plaintiff herein, together with the order of the district court requiring him to deliver the property in dispute to the receiver, should be and the same are hereby annulled and set aside, and the court is ordered and directed to require the receiver to proceed in accordance with views herein expressed.

In order that we may not be misunderstood we desire to add in conclusion that by anything we have said, or omitted to say, we do not wish to be understood as intimating, much less as passing upon, what the rights of the respective parties are in the property in dispute. What their respective rights are, if any, or what interest, if any, any of the parties may have in the cattle in question, or the number of cattle that may be involved, and the value thereof, are matters

which are left to be determined in accordance with the facts and circumstances, and as hereinbefore outlined. All that we are here aiming to accomplish is to preserve intact the rights of all the parties to the property in dispute, to the end that such rights may be determined according to law and to the best interests of all concerned.

The district court is therefore directed to annul and to set aside the orders and proceedings herein referred to and to proceed with the receivership action in accordance with law. In view that the judge is the only party defendant in this proceeding, and that no contention is made that he acted otherwise than in good faith and with proper motives, no costs will be allowed to plaintiff.

CORFMAN, C. J., and WEBER, GIDEON, and THUR-MAN, JJ., concur.

On Application for Rehearing.

FRICK, J.

Counsel for defendant have filed a petition for a rehearing, in which they insist that this court erred in its conclusions in this case for the reason that the receiver was in "constructive possession" of the property in question at the time the court's order for possession was made. Counsel then urge that in view of these facts this court arrived at an erroneous conclusion. Counsel entirely overlook the fact that this case was decided, and this court was required to decide it upon the issues presented by the parties. The plaintiff alleged in his complaint that he had wrongfully and unlawfully been deprived of his property by a void order of the court, setting forth the facts in that regard; that the district court had exceeded its authority in ordering the receiver to take from the possession of plaintiff certain personal property which plaintiff "then held in his possession under claim and color of title." Other allegations to the same effect were contained in the complaint, all of which

appear in the opinion. All of these allegations were admitted by the general demurrer of the defendant. It is therefore somewhat difficult to conceive how, in the face of these allegations and admissions, this court could have arrived at any other conclusion than it did. True, there were filed in this court the proceedings that were had in the district court. The plaintiff, however, was not a party to those proceedings, and, in so far as they were in conflict with the allegations of his complaint in view of the admissions made by the defendant, he was not, and could not be, bound thereby. In a proper case, and under different circumstances, the contentions of counsel as made in their brief on rehearing might be entirely sound. In this connection, however, it should be stated that even if the property had been obtained by the plaintiff wrongfully, and it was in his possession under claim of right we cannot see how the court, by a mere order, could take it from him. Under such circumstances he was in any event entitled to his day in court. The contentions of counsel as made in their petition for a rehearing have therefore no application to this case.

The petition for a rehearing, therefore, should be, and it accordingly is, denied.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.