[Civ. No. 6095. First Appellate District, Division One.—January 11, 1928.]

FIRST NATIONAL HOUSING TRUST LIMITED, etc., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

H. L. McAllister for Petitioners.

E. R. Hoerchner and R. F. Mogan for Respondents.

CASHIN, J.—An original application for a writ of prohibition to the Superior Court of the City and County of San Francisco and to Eugene M. Levy, a receiver appointed in an action pending therein.

The petition—the averments of which are admitted by the respondents' demurrer—alleges that petitioner, First National Housing Trust Limited, is a trust estate organized under the laws of Nevada; that petitioners A. E. Lasker and H. L. McAllister are its trustees; that petitioner first named on or about January 22, 1927, by deeds from B. E. Priem became the owner in fee of several parcels of real estate and certain personal property described in the petition, one of the parcels of real property being situated in Alameda County and the others in different counties in California. It also appears from the petition and the exhibits attached that before the execution of the above transfers B. E. Priem commenced in respondent court an action for divorce against Fannie F. Priem, his wife, to which the latter filed her answer, with a cross-complaint by which a divorce from

Priem was sought together with a division of the community property of the marriage. On December 24, 1926, the court ordered judgment for Mrs. Priem on her cross-complaint and a division of the community property in the proportion of fifty-one per cent thereof to the cross-complainant and forty-nine per cent to the cross-defendant. No findings of fact or judgment in the action have as yet been filed or entered. On February 18, 1927, the court made its order requiring Priem to pay to his wife as alimony the sum of $125 per month, and on April 4, 1927, a further order for the payment of $500 on account of attorneys' fees and costs. On April 8, 1927, upon the application of Mrs. Priem and after notice to her husband an order appointing a receiver for the purpose of enforcing the orders for the payment of alimony, attorneys' fees and costs was made. In its last order the court found the property described in the petition herein to be the community property of the spouses, and Eugene M. Levy was appointed receiver during the pendency of the action of "all the right, title and interest of B. E. Priem and Fannie R. Priem" therein and "of the rents, issues and profits thereof." The receiver was authorized by the order to take possession of the property and to bring such actions as might be necessary, and was further required to pay to Fannie R. Priem the amounts previously allowed by the court for alimony, attorneys' fees and costs.

The petition further shows that the receiver duly qualified in accordance with the order of appointment; that demand was made upon a tenant in possession of one of the parcels of real property for the payment of the rent to the receiver, and that an action for its recovery was commenced.

Petitioners contend that in view of the conveyances made by Priem respondent court was without jurisdiction to appoint a receiver; that the order was therefore void, and that further action thereunder should be prohibited.

When an action for divorce is pending the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to support herself or to defend the action (Civ. Code, sec. 137). It may also require the husband to give reasonable security for providing maintenance or making any payments required under

the above section, and may enforce the same by the appointment of a receiver or by any other remedy applicable to the case (Civ. Code, sec. 140; *McAneny* v. *Superior Court,* 150 Cal. 6 [87 Pac. 1020]). ▇ A court is without jurisdiction to order its receiver to seize property not included in the judgment (*Kreling* v. *Kreling,* 118 Cal. 421 [50 Pac. 549]; *Staples* v. *May,* 87 Cal. 178 [25 Pac. 346]), nor may it authorize the seizure of property which is claimed by one in possession who is not a party to the action (*Stuparich Mfg. Co.* v. *Superior Court,* 123 Cal. 290 [55 Pac. 985]; *Tapscott* v. *Lyon,* 103 Cal. 297 [37 Pac. 225]; *Havemeyer* v. *Superior Court,* 84 Cal. 327 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]), but it may nevertheless authorize the receiver to maintain an action for its recovery (*Ex parte Hollis,* 59 Cal. 405; *Miller* v. *Superior Court,* 63 Cal. App. 1 [217 Pac. 817]).

▇ In the present proceeding it is alleged that the First National Housing Trust Limited is a trust estate and the owner in fee of the property described. ▇ These allegations are not inconsistent with the ownership of a beneficial interest in the property by Priem (Civ. Code, sec. 863); and the order of respondent court limited the power of the receiver to the right, title, and interest of Priem and his wife therein. While the order authorized the receiver to take possession of the property and the rents, issues, and profits, its provisions when read together clearly show that that was not the intention of the court, nor did it attempt to compel the relinquishment of possession by those claiming the right thereto otherwise than by suit, which the receiver was authorized to maintain.

The court had jurisdiction to appoint the receiver (Civ. Code, sec. 140), and its jurisdiction was not exceeded by its order of appointment. ▇ Prohibition will not lie to annul the appointment of a receiver by a court acting within its jurisdiction (*Takeby* v. *Superior Court,* 43 Cal. App. 469 [185 Pac. 406]; *Havemeyer* v. *Superior Court, supra*), and the alternative writ is therefore discharged and the proceeding dismissed.

Tyler, P. J., and Knight, J., concurred.