[Civ. No. 49897. Second Dist., Div. Five. Sept. 23, 1977.]

BARBARA R. OLSAN, Plaintiff and Respondent, v.
EMANUEL M. COMORA, Defendant and Appellant.

COUNSEL

Kenneth D. Sanborn and Christopher M. Gilman for Defendant and Appellant.

Loeb & Loeb and Morry Langer for Plaintiff and Respondent.

OPINION

HASTINGS, J.—The presiding judge in Department 85 of the Superior Court of Los Angeles County appointed a receiver to take possession and collect all earnings, cash, bank deposits and checks representing amounts received by defendant-appellant Emanuel Comora for services performed by him as a dentist. He appeals from the order appointing such receiver primarily on the ground that a receiver cannot be appointed to collect a simple money judgment.

On July 31, 1972, a money judgment was obtained by Barbara R. Olsan, plaintiff and respondent, against appellant Comora and Cybertronics-Nevada, Inc.,[1] a corporation, in Los Angeles Superior Court, for the sum of $382,886 plus costs. The judgment became final after being affirmed on appeal. By means of an execution and garnishment, respondent collected $36,560 from appellant Comora out of a pending escrow.

A receivership proceeding was then instigated entitled "Barbara R. Olsan, assigned to Metropolitan Adjustment Bureau L.A., Inc., a corporation, plaintiff, vs. Emanuel Comora, defendant."[2] This proceeding was initiated by the issuance of an order ex parte to show cause why a receiver should not be appointed to marshal and disburse Comora's assets to satisfy the judgment. Hearing was set for February 6, 1976. Two documents were filed in support of the motion. The first was a declaration of Sherman Shelton, president of Metropolitan Adjustment Bureau, which in substance states that he is president of Metropolitan, the assignee, and that after judgment was entered against Comora, Olsan made demand upon Comora to pay the judgment, but he refused; that Olsan, as the judgment creditor, is unable to levy execution upon

[1] The receivership applied only to Comora.

[2] To simplify this opinion we refer to Olsan, the assignor as respondent.

Comora's earnings, and that the only process available to enforce payment is by the appointment of a receiver who would collect Comora's earnings and disburse the funds to the judgment creditor toward the satisfaction of the judgment in accordance with section 690.6 of the Code of Civil Procedure (exempting certain earnings for personal services).

The second document was a declaration by Andrew S. Garb, an attorney at law and member of the firm of Loeb & Loeb, the firm that successfully tried the action resulting in the money judgment for Olsan. It stated that the only amount which Olsan had been able to collect from Comora was $36,560 which had been held in Comora's name at a pending escrow. Although Comora had an apartment building in his own name, when garnishment on the rents was sought it was met by a claim by Comora's mother-in-law that she had a trust deed promissory note on the property with an assignment of rents clause. Comora, at the time, was in default on the note; therefore, she had a prior claim to the rents. This issue was litigated in the Los Angeles Municipal Court. Olsan was unable to prove collusion between Comora and his mother-in-law, and therefore could not establish a right to the rents. Garb's declaration also stated that, although Comora is a practicing dentist, he was personally advised by Comora that his accounts receivable were subject to a factoring arrangement and that a judgment creditor of his would have great difficulty in collecting a judgment. He was further advised by Comora that Miss Olsan would have great difficulty locating any of his assets that were subject to levy. Because of these difficulties in locating assets subject to levy, Olsan decided to assign the judgment for collection. The declaration concluded that under these circumstances a receiver would be the only feasible way to enforce respondent's rights under the judgment.

There was no affidavit or declaration showing that the motion for appointment of a receiver was ever served on Comora or his attorney. The file, however, reflects that on February 4, 1976, Donald R. Colvin, attorney for Comora, filed a "MOTION IN ABATEMENT OF, TO QUASH, AND IN RESPONSE TO ORDER TO SHOW CAUSE WHY RECEIVER SHOULD NOT BE APPOINTED." The heading of this document also noted that it was filed in department 85 for a February 6, 1976, hearing. This motion, seven pages in length, set forth reasons why Comora objected to the appointment of a receiver.

On February 6, 1976, the court made its minute order appointing Gilbert Robinson as receiver. Neither Comora nor his attorney Donald

R. Colvin were present in court. On February 9, 1976, Colvin filed a motion for a stay order to allow the filing of a motion for reconsideration. Colvin's declaration in support of the motion for reconsideration stated that he had an unexpected attack of influenza on the morning of February 6th and was unable to appear in court and his home telephone was inoperative until that afternoon so that he was unable to advise the court of his inability to be present. This motion was denied.

■ Comora's first argument is that a receiver cannot be appointed to collect a simple money judgment. The law, both statutory and decisional, does not support this contention. The receiver in this case was appointed pursuant to section 564, subdivision 4 of the Code of Civil Procedure, which provides in pertinent part as follows: "A receiver may be appointed . . . by the court in which an action or proceeding is pending . . . 4. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment; . . ."

In *Jackson v. Jackson,* 253 Cal.App.2d 1026, 1040-1041 [62 Cal.Rptr. 121], the court said: "Generally, because of its drastic nature, receivership should not be resorted to unless other remedies are inadequate. [Citation.] Receivership may not ordinarily be used for the enforcement of a simple money judgment[3] [citations], *but under proper circumstances a receiver may be appointed in aid of execution. (Bruton* v. *Tearle* (1936) 7 Cal.2d 48, 53 [59 P.2d 953, 106 A.L.R. 580]; *In re Ferguson* (1954) 123 Cal.App.2d 799, 804 [268 P.2d 71]; *Medical Finance Assn. v. Short* (1939) 36 Cal.App.2d Supp. 745, 747 [92 P.2d 961]; *and see Code Civ. Proc., 564, subd. 4;* and §§ 714-723.)" (Italics added.) And in *Tucker* v. *Fontes,* 70 Cal.App.2d 768 [161 P.2d 697], the defendant appeared in court in response to an order under Code of Civil Procedure section 714. At that hearing it was established that he had certain accounts receivable from his machinery and parts business that were not exempt from execution and an interest in an apartment house. At the conclusion of the supplementary hearing, the court appointed a receiver. The court stated on page 773: "In view of the foregoing factual showing and under the law laid down in the cases above cited, it was entirely within the discretionary power of the trial court to appoint a receiver to take over any property, not exempt from execution, of which defendant was found

[3]Comora heavily relied on this portion of the *Jackson* opinion; however, the emphasized portion of the paragraph was not referred to in his argument.

to be the owner, and to collect all accounts receivable, and subject the same to the satisfaction of the judgment; and for such purpose to have access to all of the books and accounts pertaining to defendant's business."

The provision of section 564, subdivision 4 pertinent to this appeal states that a receiver *may* be appointed "in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment . . . ." These words, clear and unambiguous, do not exclude appointment of a receiver to collect a simple money judgment. The wording only limits the circumstances under which the court *may* use this somewhat harsh remedy. *Jackson* and *Tucker* confirm that it is proper under certain circumstances; therefore, Comora's first argument that a receiver cannot be appointed under any circumstances to collect a simple money judgment is incorrect.

■ Comora's second argument assumes arguendo that a receiver may be appointed to collect a simple money judgment, but that the appointment can only be made in connection with a section 714 or 715 proceeding (see fn. 4, *post.*). It is true that most, if not all, cases to date affirming the appointment of a receiver in a money judgment situation have done so in conjunction with a supplementary proceeding under one of the two sections. Based upon these cases, Witkin, in 5 California Procedure (2d ed. 1971) Enforcement of Judgment, section 182, page 3539, states: "C.C.P. 564 [subdivision] (4) authorizes a receiver 'in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.' This provision recognizes the equitable jurisdiction to appoint a receiver . . . in connection with statutory *supplemental proceedings* (supra, § 123)[4] . . . (See *Tucker* v. *Fontes*

---

[4] 5 Witkin, California Procedure, sections 123 and 125, comment on the supplementary proceedings as follows: Section 123 states in pertinent part: "(1) *Nature of Remedies.* The chapter of the Code of Civil Procedure commencing with C.C.P. 714 establishes certain 'Proceedings Supplemental to Execution' for the purpose of discovering assets of the judgment debtor and applying them to satisfaction of the judgment. These proceedings are (1) *ancillary,* or incidental to the main action, in *aid of execution;* (2) *summary,* giving a speedy and inexpensive remedy. [¶] The ancillary and summary proceeding is intended as a substitute for the old 'creditor's suit' or 'creditor's bill in equity,' wherein the judgment creditor, after return of execution unsatisfied, sought to compel discovery of assets and apply them to the judgment. The creditor's suit was a slow and cumbersome independent action, and the statutory proceeding supersedes it except in unusual situations. [Citations.]" (Italics in original.)

The pertinent comment on section 125 states: "[It] gives a right to an order of

[*supra*] (1945) 70 C.A.2d 768, 771, 161 P.2d 697; *McCutcheon* v. *Superior Court* (1933) 134 C.A. 5, 9, 24 P.2d 911 [pleading held insufficient]; *Bruton* v. *Tearle* (1936) 7 C.2d 48, 53, 59 P.2d 953; *In re Ferguson* (1954) 123 C.A.2d 799, 804, 268 P.2d 71; *Tobin* v. *Tobin* (1960) 181 C.A.2d 789, 791, 5 C.R. 712 [to enforce integrated property settlement agreement]; *Jackson* v. *Jackson* [*supra*] (1967) 253 C.A.2d 1026, 1040, 62 C.R. 121; 7 Cal. Practice 445 et seq.; 9 Am.Jur. P.P. Forms (Rev. ed.) 860 et seq.; 3 *Summary Husband and Wife,* Supp., § 146; cf. *Elson* v. *Nyhan* (1941) 45 C.A.2d 1, 4, 113 P.2d 474 [discretion to deny where doubt as to whether property could be subjected to creditor's claim]; *Conaway* v. *Conaway* (1963) 218 C.A.2d 427, 428, 32 C.R. 890 [receiver should not be appointed where fund sought is exempt from execution and there is consequently nothing to receive].)"

The cases and the statute do not, however, exclude the direct appointment of a receiver by a court sans supplementary proceedings. There is no provision in section 564, subdivision 4 requiring supplementary proceedings before the remedies of the section can be invoked, nor is there any such provisional language in sections 714 or 715. The current practice of superior courts in numerous counties is that a petitioning party has procedural alternatives, i.e., a proceeding under sections 714 or 715 or a direct proceeding by motion to the court under section 564, subdivision 4. (See Witkin, Cal. Evidence (2d ed. 1966) Judicial Notice, § 175, subd. (b), p. 162; *Denham* v. *Superior Court,* 2 Cal.3d 557, 564-565 [86 Cal.Rptr. 65, 468 P.2d 193].) The latter procedure was used by Olsan. There is a logical and expeditious reason for such pragmatic procedure, and our present case is a good example. The declaration supporting Olsan's motion for appointment of a receiver disclosed that she had, on her own volition, done everything possible to satisfy the judgment by levy of execution, and had conducted a diligent search to discover other assets. Statements by Comora to Olsan's attorney made after the first execution support a conclusion that no assets other than his business income were available to satisfy the judgment or, if there were, he had, or would, take such action as necessary to prevent their seizure to satisfy the judgment. Here, the declarations in support of the motion for appointment of a receiver obviously convinced the court that a receiver was necessary in aid of the partially satisfied execution. Under such

---

examination after execution has issued, without the necessity of its return unsatisfied. The creditor must make proof, by *affidavit or otherwise,* that the debtor has property which he unjustly refuses to apply to satisfaction of the judgment. . . . [¶] The basic difference between the procedure under C.C.P. 714 and C.C.P. 715 is that, where execution has been returned unsatisfied this is itself sufficient proof of fruitless search for property; otherwise a showing of such facts must be made. . . ."

circumstances, the judge was not required to order a supplementary proceeding that would only establish anew the need for a receiver. We are satisfied that the court had jurisdiction to appoint the receiver under the facts and procedures used in this case, and it did not abuse its discretion in doing so.

Comora's other contentions on appeal can quickly be answered. First, he claims the order was too broad in ordering the receiver to take possession of *all* earnings of Comora because some are exempt under section 690 et seq. of the Code of Civil Procedure. The order, however, specifically states that the receiver is authorized to release to Comora so much of his earnings as would be exempt under said sections. There was no error. Second, Comora claims the court abused its discretion because it disregarded his "Memorandum of Points and Authorities in Support of Motion in Abatement etc."[5] We have no reasons, under the record before us, to believe the court disregarded the memorandum. For reasons stated earlier, there was more than sufficient evidence to justify the appointment of the receiver. Comora's objection did not mandate a different result. The trial court's action on appeal is presumed to be correct. Any claim of error must be affirmatively shown. (*Walling* v. *Kimball,* 17 Cal.2d 364, 373 [110 P.2d 58].) Third, and finally, Comora argues the court abused its discretion in summarily denying his ex parte motion for a stay of execution of the order appointing the receiver. Again, Comora has not shown how the court abused its discretion in this regard. Comora's reasons for opposing the appointment of the receiver were before the court. These reasons were not sufficient to change the court's ruling as a matter of law, and Comora has not indicated any new facts that would require us to reverse the order.

The order appointing the receiver is affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 17, 1977.

---

[5]In this memorandum reference was made to other actions and appeals by Comora that relate to his continuing litigation with Olsan. They do not affect the court's ruling appointing the receiver or this appeal.