[Civ. No. 58460. Second Dist., Div. Five. Jan. 26, 1981.]

CROCKER NATIONAL BANK, Plaintiff and Respondent, v.
EUGENE P. O'DONNELL, Defendant and Appellant.

Counsel

Theodore A. Cohen for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Opinion

ASHBY, J.—In February 1978 respondent Crocker National Bank obtained a money judgment against appellant Eugene P. O'Donnell, M.D., based on a promissory note. Respondent unsuccessfully attempted to collect or execute upon the judgment. In January 1979 respondent moved for appointment of a receiver in aid of execution (see Code Civ. Proc., § 564; *Olsan* v. *Comora* (1977) 73 Cal.App.3d 642 [140 Cal.Rptr. 835]), which the court granted when the matter came on for hearing. Appellant appeals from the order appointing the receiver.

The motion for appointment of a receiver in aid of execution was supported by the declarations of John Graham and Dennis Lombardi, who were attorneys for respondent, and the deposition of appellant taken on August 3, 1978, pursuant to court order. (See Code Civ. Proc., §§ 714, 715.) Respondent alleged that the only asset which could be used to enforce the judgment was appellant's considerable earnings as a physician, but that appellant was using his wholly owned medical corporation as a device to hinder, delay, and defraud his creditors, and that appellant's conduct had made it impossible for respondent to reach this asset without the aid of a court-appointed receiver.[1] Appellant practices medicine as a professional corporation, Eugene P. O'Donnell, M.D., Inc. He is the sole shareholder. He does not know how to locate his corporate records, there are no corporate minutes since 1977, and he does not know who the directors are. Appellant is paid by the corporation on a sporadic basis when the corporation has the money and appellant needs it. When appellant needs money for personal expenses, he writes a check on the corporate checking account and cashes it. Appellant does not have a personal checking account. Furthermore, according to the declaration of Lombardi, appellant at his further examination in September

---

[1]Appellant's other asset, his home, had been quitclaimed to his mother in 1975. At his examination appellant claimed this was in consideration for cancellation of past debts, which, however, he was unable to corroborate or even estimate.

1978 admitted that "he receives his salary by drawing money out of the corporation's checking account on an as-needed basis" and that "he uses the medical corporation's bank account as if it were his own."

As explained by counsel for respondent at the hearing on the motion, a receivership was necessary to prevent appellant from taking his earnings out of the corporation for his own benefit without applying the earnings to the judgment. (See *Olsan v. Comora, supra,* 73 Cal.App.3d at p. 648.)

The order appointing the receiver authorizes the receiver to demand, collect, and receive all "earnings" by Eugene P. O'Donnell, M.D., from any and all sources, including but not limited to Eugene P. O'Donnell, M.D., Inc.; to enter upon the business premises; to receive, review and reconcile the books and records of Eugene P. O'Donnell, M.D., Inc., and Eugene P. O'Donnell, M.D., for the purpose of determining the earnings of Eugene P. O'Donnell, M.D.; and to take possession of all books and records of Eugene P. O'Donnell, M.D., and/or Eugene P. O'Donnell, M.D., Inc., to enable the receiver to collect the earnings of Eugene P. O'Donnell, provided said records be available to Eugene P. O'Donnell, M.D., and/or Eugene P. O'Donnell, M.D., Inc., at reasonable times for use in its business.

■ Appellant contends that the motion for appointment of a receiver did not name the corporation as a defendant nor was it served on the corporation as a separate entity. He argues from this that the order appointing the receiver is invalid insofar as it applies to the records of the corporation. This argument is wholly without merit. The declarations and the deposition introduced in support of the motion showed that appellant was the sole shareholder, that he used the corporation funds as his own, and that appellant's use of the corporate checking account for his personal expenses operated to defraud creditors by preventing respondent as a practical matter from reaching appellant's earnings. Under the circumstances service of the motion on appellant was also service on the corporation, and the court's order properly was directed to the corporation as well as appellant. (See *Sunset Farms, Inc.* v. *Superior Court* (1935) 9 Cal.App.2d 389, 401-402 [50 P.2d 106]; see also *Shea* v. *Leonis* (1939) 14 Cal.2d 666, 669 [96 P.2d 332]; *Campbell* v. *Birch* (1942) 53 Cal.App.2d 399, 404 [128 P.2d 120].)

■ Appellant next contends that the order was an abuse of discretion because it gives overly broad powers to the receiver. In particular,

he contends it should not be necessary for the receiver to take possession of all records of the corporation, and that this constitutes an unwarranted interference in the business of the corporation. However, as pointed out by respondent's counsel at the hearing, the receivership is not to take assets of the corporation and apply them to the debt of appellant, but rather simply to prevent appellant from effectively withdrawing his earnings from the corporation without applying them to the judgment. The order authorizes the receiver to act for the limited purpose of collecting the earnings of appellant. The receiver was not being authorized to manage the entire business.

■ Finally, appellant contends the order should be reversed because between the obtaining of the original judgment in February 1978 and the motion for appointment of a receiver in January 1979 there was a change in the name of the law firm representing respondent, and no formal substitution of attorneys had been filed by the time of the hearing on the motion. (See Code Civ. Proc., §§ 284, 285.) There is also no merit to this argument. The original complaint on the promissory note was filed by Foonberg and Frandzel, a law corporation, by Richard Hudson Share. The motion for appointment of a receiver was filed by Frandzel and Share, attorneys at law, Richard Hudson Share and John A. Graham, by John A. Graham. In the declaration in support of the motion, Graham mentioned that he was an attorney at law and a former member of Foonberg and Frandzel, a law corporation.

At the hearing on the motion, Mr. Graham, in response to appellant's objection that there had been no substitution of attorneys, explained that the law firm had recently split, that his firm represented 25 banks and had 6,000 cases pending, and for that reason might not yet have filed the many necessary substitutions of attorneys, but that all the attorneys working on this file were involved in the change; that he did not think a technicality like that should be determinative; and that if the court desired he could provide a substitution of attorneys within 24 hours. The court impliedly overruled appellant's objection and then heard arguments on the merits.

Appellant fails to show he was misled or prejudiced by the lack of a formal substitution. Considering all the circumstances, the court did not abuse its discretion in recognizing Mr. Graham. (See *In re Marriage of Warner* (1974) 38 Cal.App.3d 714, 720 [113 Cal.Rptr. 556].) Furthermore, by appearing at the hearing in response to Mr. Graham's notice, and proceeding to argue the merits, appellant may be held to have

waived this technical objection. (*Ross* v. *Ross* (1953) 120 Cal.App.2d 70, 74 [260 P.2d 652]; *Carrara* v. *Carrara* (1953) 121 Cal.App.2d 59, 62-63 [262 P.2d 591].)

The order appointing a receiver is affirmed.

Kaus, P. J., and Hastings, J., concurred.