Filed 12/14/21  Cora v. Cora CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JENNIFER CORA,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>CATHERINE CORA,<br><br>　　Defendant and Appellant. | 2d Civ. No. B308834<br>(Super. Ct. No. 15FL02036)<br>(Santa Barbara County) |

　　This is an appeal from an order appointing a receiver to collect child and spousal support and attorney fees.  We affirm.

FACTS

　　Catherine Cora is a celebrity chef with an interest in a number of businesses.  She was married to Jennifer Cora until their marriage was dissolved in February 2017.  They have four children of the marriage, all of whom were minors at the time of the dissolution.  While Catherine worked outside of the home, Jennifer stayed home with the children.

　　At the time of the dissolution, Catherine had a monthly gross income of $52,305.  Jennifer has serious physical and

emotional limitations and had been out of the workforce for a long time. The trial court declined to impute income to her.

The trial court ordered Catherine to pay $8,118 monthly child support and $9,500 monthly spousal support. The court also ordered Catherine to pay Jennifer's attorney $440,000.

*Jennifer's First Motion for Appointment of Receiver*

In May 2017, Jennifer made a motion for the appointment of a receiver. She stated that the trial court's order to pay $440,000 in attorney fees remains wholly unsatisfied, and that Catherine's diverse financial interests make the appointment of a receiver a reasonable remedy.

The trial court made a tentative ruling granting the motion. But at Catherine's request, the court continued the matter to give her time to make the payment. Catherine made the payment and no receiver was appointed.

*Catherine's Motion to Modify Support*

In March 2020, Catherine made a motion to modify both child and spousal support. She claimed financial losses in the restaurant business due to the COVID pandemic made it impossible for her to meet her support obligations.

Catherine refused to provide the documents Jennifer's accountant needed to make an analysis of Catherine's finances. The trial court denied the motion, finding that Catherine failed to carry her burden of proof.

*Instant Motion to Appoint a Receiver*

In August 2020, Jennifer made the instant motion to appoint a receiver to collect delinquent support payments and attorney fees. Jennifer declared that as of April 1, 2020, Catherine had unilaterally reduced her $8,118 monthly payment for child support to $4,000 per month and stopped paying $9,500

2.

in spousal support. The delinquent payments are $20,590 in child support, $47,500 in spousal support, and $50,000 in attorney fees.

Jennifer declared that Catherine has substantial assets she is not disclosing to the court. She listed 36 separate sources of income. Jennifer declared that due to Catherine's experience in obfuscating income and assets, it will not be enough to try to levy her bank accounts. The appointment of a receiver is necessary.

*Catherine's Response*

In opposition to the motion, Catherine declared that due to the COVID pandemic, her estate has collapsed. She claimed she is earning only $1,800 per month in unemployment benefits and nominal income from a recent inheritance.

Catherine declared that she has provided all her financial information with documents to Jennifer and her accountant.

Catherine requested that she not be required to open her businesses to a receiver. She stated she currently employs a financial advisor and a CPA. She claimed she is on the brink of bankruptcy.

*Jennifer's Reply*

Jennifer replied that Catherine continues to live lavishly in two homes: one in Santa Barbara and the other in Beverly Hills. Catherine continues to hide assets and pay high-price divorce lawyers and an accountant instead of paying support. Jennifer declared that other collection efforts, including a bank levy and contempt proceedings, had not been successful.

*Ruling*

In ordering the appointment of a receiver, the trial court found: Catherine's income and expense declaration does not "fill in the blanks" required to show her earnings and assets. Much of

the litigation has been about Catherine not paying the support ordered. If Catherine had her way, her support obligations would be held hostage to her business challenges, her business opportunities, and her threat of filing for bankruptcy. The court's support orders would be treated as any other business obligation. Catherine's assertion that Jennifer has not tried other methods of collection is incorrect.

DISCUSSION

I

*Appointment of Receiver is Appropriate*

Catherine contends the trial court erred in appointing a receiver.

Family Code section 290 provides, in part, "A judgment or order made or entered pursuant to this code may be enforced by the court by . . . the appointment of a receiver . . . ." We review the order appointing a receiver for an abuse of discretion. (*City and County of San Francisco v. Daley* (1993) 16 Cal.App.4th 734, 744.)

Catherine relies on *Medipro Medical Staffing LLC v. Certified Nursing Registry, Inc.* (2021) 60 Cal.App.5th 622 (*Medipro*). There the trial court appointed a receiver pursuant to the Enforcement of Judgments Law (Code Civ. Proc., § 680.010 et seq.[1]) to enforce an ordinary civil judgment. The court held that the trial court abuses its discretion "if it appoints a receiver to aid in the collection of a money judgment where the record contains no evidence that the judgment debtors had obfuscated or frustrated the creditor's collection efforts and no evidence that

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

4.

less intrusive collection methods were inadequate or ineffective." (*Medipro*, at pp. 624-625.)

*Medipro* is distinguishable. First, we are not concerned here with an ordinary money judgment. We are concerned with an order for spousal and child support. Support orders have a special place in the law. As our Supreme Court stated in *Bruton v. Tearle* (1936) 7 Cal.2d 48, 58: "If permanent alimony be regarded as a part of the husband's estate and as a portion of his current income and earnings, then the wife under her alimony judgment has an interest in the husband's earnings both those which have accrued and those which will fall due in the future. In such a case there can be no legal objection to an order of court appointing a receiver for the purpose of securing to the wife her interest in those earnings. To deny her that right would permit the husband, as he has done in the present case, to receive his salary or other income in full and make away with it before the wife by any legal process could claim any portion of it. By the proceeding resorted to in the instant case the court simply intercepts the husband's income before it reaches him and devotes it to the purposes to which the law has subjected it. Unless the court has the power to make and execute such an order, the interest of the wife in her husband's estate would be in many instances, as it would be in the present case, absolutely lost and defeated."

Support orders are different than ordinary judgments. People depend on support payments to survive. Jennifer is unable to work and there are minor children. In denying Catherine's motion to reduce support payments, the trial court found that granting Catherine's request would render Jennifer homeless and cause their four children "extraordinary hardship

and grief." Catherine points to no similar findings in *Medipro*. The trial court must be given much greater latitude in imposing a receivership to enforce support orders than in the case of an ordinary judgment.

Second, here there was evidence that Catherine obfuscated or frustrated Jennifer's collection efforts. In the contempt proceeding, the trial court found that Catherine refused to provide the documents that Jennifer's accountant needed. In the instant matter, the trial court found that Catherine's income and expense declaration does not "fill in the blanks" required to show her earnings and assets. Catherine was doing everything she could not to make a full disclosure.

Third, Jennifer attempted less intrusive collection methods. She made a motion to hold Catherine in contempt and unsuccessfully tried a bank levy. Whether this would be sufficient to satisfy *Medipro* is beside the point. Jennifer and the children need support. They cannot afford to wait while Jennifer tries various collection measures against a party who is willing and able to frustrate those attempts. The only collection measure that has proved successful was the trial court's first order appointing a receiver.

Given all the circumstances of this case, the trial court did not abuse its discretion in appointing a receiver.

II

*Scope of Receivership*

Catherine contends the scope of the receivership exceeds what is allowable by law.

## *(a)  Exemption*

Catherine argues the trial court failed to identify which earnings are exempt from execution for her own living expenses and for the support of her children.

Catherine relies on sections 706.051, subdivision (b) and 706.052, subdivision (a).  Section 706.051, subdivision (b) provides, in part: "[T]he portion of the judgment debtor's earnings that the judgment debtor proves is necessary for the support of the judgment debtor or the judgment debtor's family supported in whole or in part by the judgment debtor is exempt from levy under this chapter."  Section 706.052, subdivision (a) provides, in part: "[O]ne-half of the disposable earnings . . . of the judgment debtor, plus any amount withheld from the judgment debtor's earnings pursuant to any earnings assignment order for support, is exempt from levy under this chapter where the earnings withholding order is a withholding order for support under Section 706.030."

Those sections are part of the Wage Garnishment Law. (§ 706.010 et seq.)  The sections apply only to wages garnished from an employee.  (*Moses v. DeVersecy* (1984) 157 Cal.App.3d 1071, 1073-1074.)  They do not apply to self-employed persons. (*Ibid.*)  Persons who own a controlling interest in a corporation or other business entity are for all intents and purposes self-employed.  Here Catherine is largely self-employed.  But even if the sections apply, Catherine cites no authority requiring them to be included in the order appointing a receiver.

Catherine relies on *Olsan v. Comora* (1977) 73 Cal.App.3d 642.  In *Olsan*, the trial court appointed a receiver to collect an ordinary money judgment from a dentist.  The Court of Appeal affirmed the order appointing the receiver.  The judgment debtor

7.

argued that the order was too hard in that it allowed the receiver to take possession of all his earnings when some were exempt under former section 690 et seq. The Court of Appeal rejected the argument by pointing out that the order specifically states the receiver is authorized to release to the judgment debtor so much of his earnings as would be exempt under those sections. (*Olsan*, at p. 649.)

In *Olsan*, the court did not say that every order appointing a receiver must expressly reference all possible exemptions. The court simply answered the judgment debtor's argument by pointing out that the order satisfied his particular objection. (*Olsan v. Comora*, *supra*, 73 Cal.App.3d at p. 649.) More to the point, *Olsan* does not say the court must identify in its order which earnings are exempt from execution.

Implied in the order appointing a receiver is that the receiver is bound to follow the law. If the law exempts certain earnings from the reach of the receiver, then the receiver may not take them. Catherine cites no authority requiring the order appointing a receiver to specify which laws apply.

### (b) Other Entities

Catherine argues the order improperly applies to business entities that were not joined or in which she has no interest.

The order appointing the receiver listed a number of business entities. Catherine claims she has no interest in some of those entities. She cites *Stuparich Mfg. Co. v. Superior Court* (1899) 123 Cal. 290, 292, for the proposition that a receiver may not take possession or order the surrender of property from a nonparty business entity who was not a party to the underlying action.

Catherine points to no place in the record where this issue was raised. Jennifer points out that Catherine is raising it for the first time on appeal. Issues raised for the first time on appeal are waived. (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.)

*(c) Cost of Receivership*

Catherine argues the trial court failed to take into account the cost and impact of a receivership on her businesses.

The receivership was necessary because Catherine refused to be candid with the court about her business interests and income. She will not now be heard to complain about the cost and impact to her businesses.

*(d) Privileged Communications*

Catherine argues the order is overly broad in that it requires her to turn over all correspondence to the receiver.

Catherine points out that some correspondence is covered by privilege, such as the attorney-client privilege (Evid. Code, § 954) and the marital privilege (*id.*, § 980).

If Catherine has any correspondence she deems privileged, she can apply to the trial court to appoint a referee to resolve the matter. Catherine cites no authority that the order violates her right to privacy.

DISPOSITION

The judgment (order) is affirmed. Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.          PERREN, J.

9.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Law Offices of Donald L. Briggs, Amy Shiffman Hendel, and Donald L. Briggs for Defendant and Appellant.

Law Office of Stephanie J. Finelli, Stephanie J. Finelli; Drury Pullen, Susanna V. Pullen for Plaintiff and Respondent.